Timothy REITZ

v.

Edwin DIETER, Constable.

Civ. A. No. 93–4822.

United States District Court,
E.D. Pennsylvania.

Dec. 29, 1993.

Arthur L. Gutkin, Conshohocken, PA, for plaintiff.

Jeffrey C. Karver, Boyertown, PA, for defendant.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Fed.R.Civ.P. 12(b)(6) and the defendant's response.

### I. FACTUAL BACKGROUND

In 1986 or 1987, the plaintiff was issued a traffic citation which ultimately resulted in his having to appear at a hearing. At issue at the hearing was whether the plaintiff paid the defendant or his partner any monies due in connection with the citation. The plaintiff testified affirmatively. The defendant, a constable, testified that he never received any money from the plaintiff. However, his partner had received a payment from the defendant, although according to the defendant, the payment was not for the 1986–87 citation but rather for a citation issued to the plaintiff in 1984.

As a result of the plaintiff's testimony at the 1987 hearing, he was charged with the crime of perjury. At his trial on the perjury charge, the plaintiff produced a canceled check, which was payable to the defendant and which had been deposited into the defen-

dant's bank account. On August 11, 1993, the perjury charge against the plaintiff was dismissed with prejudice.

On September 8, 1993, the plaintiff filed a two-count complaint. In Count I, he alleges a violation of his civil rights under 42 U.S.C. §§ 1981, 1983 [1] and 1985(3). In Count II, he asserts a pendent state law claim for malicious prosecution. On October 8, 1993, the defendant filed his answer and counterclaim. In his counterclaim, the defendant alleges that the plaintiff's suit is "vexatious" and "in bad faith". Accordingly, he seeks attorney's fees pursuant to 42 Pa.Cons.Stat.Ann. § 2503(9). He also purports to assert a counterclaim based upon the tort of "malicious use of process".

## II. DISCUSSION

### A. Standard

The plaintiff has moved to dismiss the defendant's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss, this Court shall take all allegations contained in the complaint, or in this case the counterclaim, as true and construe them in the light most favorable to the nonmoving party. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989); *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir. 1985). The counterclaim shall only be dismissed if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, —, 2 L.Ed.2d 80 (1957); *Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977) (per curiam).

### B. Attorney's Fees Under § 2503(9)

The question before the Court is whether § 2503(9) is applicable in federal court where the court's original subject-matter jurisdiction is grounded upon a federal question. At the outset, the Court recognizes that several other courts within this circuit have applied § 2503(9) in cases brought pursuant to the courts' diversity jurisdiction. *See, e.g., McCaw v. Motorists Mut. Ins. Co.*, C.A. No. 89–8868, 1990 WL 63608, at *3 (E.D.Pa. May 7, 1990); *Fuller v. Prudential Ins. Co.*, C.A. No. 89–2016, 1989 WL 127499, at 3 (E.D.Pa. Oct. 24, 1989); *P. Liedtka Trucking, Inc. v. James H. Hartman & Son, Inc.*, 537 F.Supp. 381, 382 (E.D.Pa.1982). However, neither the plaintiff's submissions nor this Court's independent research disclosed any case within this circuit addressing the applicability of § 2503(9) in a suit predicated on federal question jurisdiction.

The Court's inquiry must begin, of course, with the language of the statute at issue. Under § 2503(9), a litigant "shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter" if "the conduct of the other party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.Cons.Stat.Ann. § 2503(9) (Purdon 1981). In interpreting § 2503(9), "due regard must be given to the purpose of the Code as set forth in section 103(a)...." *Commonwealth v. Baker*, 82 Pa.Cmwlth. 86, 474 A.2d 415, 416 (1984). Section 103(a) provides that the Judicial Code shall be construed "so as to give the 'unified judicial system' the power necessary to perform its assigned tasks." *Id. (quoting* 42 Pa.Cons. Stat.Ann. § 103(a) (Purdon 1981) (emphasis added)). Federal courts are not within the "unified judicial system". *See* 42 Pa.Cons. Stat.Ann. §§ 102, 301 (Purdon 1981).

Thus, the plain language of the statute supports the plaintiff's position. Further,

---

1. The constitutional tort alleged by the plaintiff is that of "malicious prosecution." The Third Circuit has expressly held that "a claim for malicious prosecution is actionable under § 1983." *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir.1988); *see also Losch v. Borough of Parkesburg*, 736 F.2d 903, 907 (3d Cir.1984). Under these authorities, the § 1983 action must include the elements of

the common law tort, which are as follows: (1) initiation of a criminal proceeding by the defendant, (2) which ends in the plaintiff's favor, (3) which was initiated without probable cause, and (4) the defendant acts maliciously or for a purpose other than bringing the plaintiff to justice. *Lee*, 847 F.2d at 69–70.

the plain language of § 2503(9) is reinforced by judicial interpretations of the statute. Pennsylvania's courts have consistently and unambiguously limited the availability of attorneys fees under § 2503(9) to matters litigated before components of the "unified judicial system." *Commonwealth, Dep't of Transp. v. Smith,* 145 Pa.Cmwlth. 164, 602 A.2d 499, 502 (1992); *Duquesne Light Co. v. Pennsylvania Pub. Util. Comm'n,* 117 Pa. Cmwlth. 28, 543 A.2d 196, 201 (1988); *Baker,* 474 A.2d at 416; *see also Bruce v. Wal–Mart Stores, Inc.,* 699 F.Supp. 905, 906 (N.D.Ga. 1988) (construing analogous Georgia statute to be applicable only in Georgia's state courts). Finally, even if the express language of § 2503(9) did not compel the conclusion that the statute is unavailable to civil litigants in federal court, the Court would still reach the same conclusion. Section 2503(9) is a procedural rule applicable in Pennsylvania's courts. Similar concerns to those addressed by § 2503(9) are addressed by Fed.R.Civ.P. 11. Accordingly, section 2503(9) has no force or application in federal court where the Federal Rules of Civil Procedure control. 28 U.S.C. § 2072; *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also Jones v. Credit Bureau of Garden City, Inc.,* 703 F.Supp. 897, 899 (D.Kan.1988) (holding that Kansas statute, which is analogous to § 2503(9), is inapplicable in federal court where original jurisdiction is predicated on existence of a federal question; Rule 11 provides the controlling law). Based upon the foregoing considerations, the Court concludes that the defendant has failed to state a claim under § 2503(9).[2]

## C. *Malicious Use of Process*

■ The defendant argues that considerations of judicial economy militate in favor of permitting him to allege "malicious use of process" as a counterclaim in the present action. The federal rules of civil procedure distinguish between mandatory and permissive counterclaims. *See* Fed.R.Civ.P. 13. Where a defendant's counterclaim does not arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim, his counterclaim is permissive and he is not required to assert his counterclaim in the same lawsuit as the underlying claim, although he may do so. *See* Fed.R.Civ.P. 13(b). A permissive counterclaim must have an independent jurisdictional basis. *See Fidelity Fed. Bank v. Larken,* 764 F.Supp. 1014, 1018 & n. 8 (E.D.Pa.1991).

■ The plaintiff claims that the defendant's affidavit testimony and his testimony at the preliminary hearing gave rise to causes of action under both federal and state law. The defendant counterclaims that the plaintiff's suit constituted a malicious use of process.[3] The cause of action for "malicious use of civil proceedings" is designed to remedy the wrongful initiation of civil proceedings. *ATX Telecommunications Servs. v. U.S. WATS,* C.A. No. 92–3328, 1993 WL 30076, at *1 (E.D.Pa. Feb. 5, 1993). Thus, it is clear that the defendant's "malicious use of civil proceedings" counterclaims arose from the legal proceeding in question and not from the defendant's testimony, which was the underlying factual transaction giving rise to the plaintiff's cause of action. *See also T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977) (holding that "malicious use of civil proceedings" does not arise out of same transaction or occurrence as underlying claim); *cf. ATX Telecommunications,* 1993 WL 30076, at 1 (holding that counterclaim for abuse of process does not arise out of same transaction or occurrence as underlying

---

2. The Court notes, however, that similar relief to that sought by the defendant may be available under federal common law, *see Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973) (holding that federal courts have inherent power to award attorney's fees to party if opponent commenced action "vexatiously" or in bad faith), statute, *see* 28 U.S.C. § 1927, or under Fed.R.Civ.P. 11. The defendant is, of course, at liberty to raise these issues by way of an appropriate pleading or motion if he desires to do so.

3. Although the plaintiff did not set forth the precise statute in its counterclaim, he stated in his memorandum of law that his claim was one for malicious use of process. This tort was codified in Pennsylvania through the Dragonetti Act, 42 Pa.Cons.Stat.Ann. § 8351 (Purdon 1982), and it is now referred to as "wrongful use of civil proceedings." *See Horizon House Dev. Servs., Inc. v. Township of Upper Southhampton,* C.A. No. 89–2243, 1990 WL 151795, at *3 n. 3 (E.D.Pa. Oct. 4, 1990).

claim). Accordingly, the plaintiff's counterclaim is permissive. Both the plaintiff and the defendant appear to be citizens of Pennsylvania. (Complaint, ¶¶ 1, 2). Thus, the Court lacks an independent jurisdictional basis over the defendant's counterclaim. *See* 28 U.S.C. § 1332. Accordingly, the counterclaim must be dismissed.[4]

#### D. *The Plaintiff's Request for Rule 11 Sanctions*

 The plaintiff's motion is entitled "Motion to Dismiss Defendant's Counterclaim Pursuant to Federal Rule of Civil Procedures No. 12(b)(6)." However, in the final sentence of the conclusion section to his memorandum, the plaintiff indicates that he seeks not only dismissal of the counterclaim, but also the imposition of sanctions against the defendant pursuant to Fed.R.Civ.P. 11. The final sentence of his memorandum states, "[p]laintiff respectfully requests that ... [he] be awarded attorneys fees pursuant to Rule 11 as a result of Defendant's bringing forth a frivolous Counterclaim...." (Plaintiff's Memorandum, at 6). The plaintiff's request for Rule 11 sanctions fails to satisfy the requirements of this district's local rules of civil procedure. *See* Local R.Civ.P. 20(a) ("Every motion shall be accompanied by a form of order which, if approved by the court would grant the relief sought by the motion"); Local R.Civ.P. 20(c) (requiring all motions to be accompanied by a brief "containing a concise statement of the legal contentions relied upon...."); *see also* Fed.R.Civ.P. 8(e)(1). In short, the plaintiff's one-sentence request for sanctions does not constitute a legally sufficient "motion".

An appropriate Order follows.

#### ORDER

AND NOW, this 29th day of December, 1993, upon consideration of the Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Fed.R.Civ.P. 12(b)(6) and the Defendant's response thereto, IT IS HERE-

BY ORDERED that the Plaintiff's Motion is **GRANTED.**

---

4. The Court notes that the defendant's § 2503(9) counterclaim could arguably be dismissed on the same basis. However, because of the Court's disposition of the § 2503(9) claim, it need not reach this question.