## Werner v. Platzer-Zyberk

*Alan R. Zibelman,* for plaintiff.

*Jeffrey B. Albert,* for defendants.

ABRAMSON, *J.,* February 20, 2001—

### I. FACTS AND PROCEDURAL HISTORY

This case arises from a prior action in Federal District Court for the Eastern District of Pennsylvania. The plaintiff-appellant, Arthur Werner, Esquire was the defendant in the prior federal case. The defendant-appellees, J. Platzer-Zyberk Jr. Ph.D., Stephen A. Winston, Esquire, Berger & Montague P.C., Joseph Posillicio, Esquire, Synnestvedt & Lechner LLP, were the plaintiffs in the prior federal action.

On April 11, 2000, plaintiff commenced this action for wrongful use of civil proceedings under the Pennsylvania Wrongful Use of Civil Proceedings statute, also known as the Dragonetti Act, arising from the underlying federal action accusing plaintiff of violating the Racketeer Influenced and Corrupt Organization Act. The underlying action was dismissed by the federal court. On September 11, 2000, all defendants filed preliminary objections to plaintiff's complaint, requesting that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's complaint states four causes of action: (1) wrongful use of civil proceedings under 42 Pa.C.S. §8351, (2) common-law abuse of process, (3) counsel fees under 42 Pa.C.S. §2503(7,9), and (4) defamation, libel and slander. On December 1, 2000, this court sustained defendants' preliminary objections and dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted. This appeal ensued.

Plaintiff's appeal is based on the following: (1) the court erred in dismissing the complaint based upon the

conclusion that the Dragonetti Act cannot be extended to litigation which had previously occurred in federal court, (2) the court erred in dismissing the complaint based upon the defendants' contention that plaintiff's complaint is based merely upon the fact that a RICO claim was dismissed, (3) the court erred in dismissing the complaint based upon the contention that the mere prosecution of a lawsuit does not constitute an abuse of process, and (4) the court abused its discretion in creating a new legal standard for which to apply the Dragonetti Act and has misinterpreted the intent of the Pennsylvania Legislature which created the wrongful use statute to afford a remedy to Pennsylvania residents and litigants.

## II. DISCUSSION

### A. *Standard of Review*

On review of a trial court's order granting preliminary objections for failure to state a claim upon which relief may be granted, an appellate court applies the same standard applied by the trial court that all material facts set forth in the complaint and all reasonable inferences are admitted as true for the purposes of review. *Juban v. Schermer,* 751 A.2d 1190, 1192 (Pa. Super. 2000). On review of a demurrer, the Superior Court must reverse if any doubt exists as to whether a demurrer should be sustained. *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 619 (Pa. Super. 1999).

### B. *Wrongful Use of Civil Proceedings under 42 Pa.C.S. §8351*

Count I of plaintiff's complaint states a cause of action for wrongful use of civil proceedings under 42

Pa.C.S. §8351, the Dragonetti Act. The Dragonetti Act is a Pennsylvania statute providing liability for wrongful use of civil proceedings. The purpose of the Dragonetti Act is to discourage baseless civil suits. *Catania v. Hanover Insurance Co.,* 389 Pa. Super. 144, 149, 566 A.2d 885, 888 (1989). The question presented is whether federal litigants, who are also Pennsylvania residents, may pursue a state law remedy in state court for wrongful use of civil proceedings under the Dragonetti Act where the sanctionable conduct arises out of a federal cause of action asserted in federal court.

This court committed no error in sustaining defendants' preliminary objections for failure to state a claim upon which relief may be granted where plaintiff's claims are based on litigation abuse that occurred in federal court. We conclude herein that federal litigants are precluded from availing themselves of state remedies in state court for litigation misconduct where the subject litigation abuse occurred in federal court and the federal court's jurisdiction was based on federal question.

While we believe that this is a case of first impression in Pennsylvania state court, it is an issue that has been decided by federal courts, including the Eastern District of Pennsylvania. These federal courts have held, and we hold now, that federal courts have exclusive power to sanction litigants for litigation abuses committed in a federal suit where the federal court's jurisdiction is based on federal question. See *Mruz v. Caring,* 39 F. Supp.2d 495, 503 (D.N.J. 1999) (holding that where the jurisdictional basis for the alleged frivolous claim is federal question, the aggrieved parties must avail themselves of the arsenal of federal remedies available

to punish litigation abuse and dismissing a counterclaim for attorneys' fees under the New Jersey Frivolous Claim Act); *Thompson v. Lehrer P.C.,* 183 F.R.D. 161 (D.N.J. 1998) (holding that an attorney who seeks to assert an abuse of process claim against an attorney-adversary based upon conduct which occurred in a case pending before a federal district court must seek redress in district court, and not state court); *Reitz v. Dieter,* 840 F. Supp. 353 (E.D.Pa. 1993) (holding that Pennsylvania statute 42 Pa.C.S. §2503(9) was not applicable in federal court where the court's original subject matter jurisdiction was grounded upon federal question, thus, defendant's counterclaim was dismissed). This exclusive power of the federal district court is derived from the principles of federalism and comity. As the Supreme Court of the United States wrote:

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. . . . These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases . . . . A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO Inc.,* 501 U.S. 32, 43-45, 111 S.Ct. 2123, 2132-2133 (1991) (holding that federal courts sitting in diversity can use their inherent power to assess attorneys' fees as a sanction even if state law does not recognize such).

To allow plaintiff's claim of federal litigation abuse to proceed in Pennsylvania would fashion a law allow-

ing all Pennsylvania residents who are also federal litigants to appear in state court after a final disposition in federal court, solely for the purpose of sanctioning federal litigants for conduct arising out of a federal action. Such a result would unreasonably divest the federal court of its power to sanction parties appearing before it and disrupt the federal-state balance. *Mruz v. Caring,* 39 F. Supp.2d 495, 503 (D.N.J. 1999).

Further, such a rule would result in forum shopping, judge shopping and needless satellite litigation. This court adopts the reasoning of *Thompson,* that allowing state courts to entertain such cases would allow litigants the choice to pursue sanctions in federal court or state court causing great expense to the opposing litigant, and diverting state court judges from other matters. *Thompson v. Lehrer P.C.,* 183 F.R.D. 161, 172 (D.N.J. 1998). Adopting a rule which prohibits cases such as this from being filed in state court, conserves state judicial resources, and "avoids the evils of judge shopping and forum shopping." *Id.* at 172. These goals of discouraging forum shopping, judge shopping and unnecessary litigation are consistent with the principles of federalism and comity. The state may not chill the rights of those who choose to litigate in federal court by affording remedies to the winning party.

Plaintiff submits that since there is no federal wrongful use of civil proceedings statute, there can be no similar action maintained in this court. This argument is without merit. First, Federal Rule of Civil Procedure 11 provides a substantially similar remedy for litigation abuse. Federal Rule 11 specifically provides for the recovery of "all of the reasonable attorneys' fees and other expenses incurred as a direct result of a party's

improper attempts to 'harass or cause unnecessary delay or needless increase in the cost of litigation . . .'." Fed.R.C.P. 11(b)(l)-(c)(2). Second, Congress has inherent and exclusive power to provide for sanctions that it sees fit for all of the above stated reasons of federalism and comity. Therefore, a party's remedy pursuant to proceedings in federal court are limited to those provided by Congress and federal courts and a state court determination of such would be an unpermitted divesting of the power of federal courts.

In conclusion, this court properly dismissed Count I of plaintiff's complaint, the Dragonetti Act, for failure to state a claim upon which relief may be granted where the sanctionable conduct arose under a federal cause of action in a federal court.

### C. *Common-Law Abuse of Process*

Count II of plaintiff's complaint states a cause of action for common-law abuse of process. This court did not err in granting defendants' preliminary objections and dismissing this count in plaintiff's complaint. As stated above, process and proceedings arising out of a federal cause of action may not be subject to sanctions under Pennsylvania law.

### D. *Counsel Fees under 42 Pa.C.S. §2503(7,9)*

Count III of plaintiff's complaint states a cause of action for counsel fees under 42 Pa.C.S. §2503(7,9). Under this statute, participants may receive counsel fees as part of the taxable costs of the matter only where the participant was previously awarded counsel fees as a sanction for conduct that is dilatory, obdurate or vexatious, or commencing a matter which is arbitrary, vexa-

tious or in bad faith. 42 Pa.C.S. §2503(7,9). Thus, the awarding of counsel fees under this section is conditioned upon a previous award of counsel fees based on sanctions. Since plaintiff's cause of action based on the Dragonetti Act was properly dismissed, as discussed above, this cause of action for counsel fees based on the sanctions of the Dragonetti Act must also be dismissed. As noted in *Reitz,* 42 Pa.C.S. §2503(9) is not applicable in federal court where the court's original subject-matter jurisdiction is grounded upon federal question. *Reitz v. Dieter,* 840 F. Supp. 353, 354 (E.D. Pa. 1993). Pennsylvania courts limit the availability of attorneys' fees under section 2503(7,9) to matters litigated before components of the "unified judicial system." *PennDOT v. Smith,* 145 Pa. Commw. 164, 172, 602 A.2d 499, 502 (1992). Federal courts are not within the "unified judicial system." See 42 Pa.C.S. §§102, 301. Thus, attorneys' fees under 42 Pa.C.S. §2503 cannot be based upon litigation conduct occurring outside of the unified judicial system.

Therefore, this court properly dismissed Count III of plaintiff's complaint for failure to state a claim upon which relief can be granted.

## E. *Defamation, Libel and Slander*

Count IV of plaintiff's complaint states a cause of action for defamation, libel and slander. Plaintiff's allegations of defamation, libel and slander are based on allegations of fraud, misrepresentation and conspiracy, in particular, the violations of the RICO Act. It is a well established principle of Pennsylvania law that the filing of a complaint and other pleadings is protected by an absolute privilege and no action can be maintained for

any defamatory matter arising therefrom. *Smith v. Griffiths,* 327 Pa. Super. 418, 425, 476 A.2d 22, 24 (1984). Therefore, this court properly dismissed Count IV of plaintiff's complaint for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, plaintiff's appeal is without merit, and the trial court should be affirmed.