John H. MRUZ, Vasilike D. Nika, and Jane A. Johnson, Plaintiffs,

v.

CARING, INC., Caring Residential Services, Inc., Caringhouse Projects, Inc., Caring Medical Day Services, Inc., Caring Fellowship Centers, Inc., Caring International, Inc., Comprehensive Eldercaring, Inc., Coastal Support Services, Inc., Ann J. Underland, Carlisle W. Underland, Garfield L. Greene, Lewis W. Field, Mary E. Haynie, Ian Meklinsky, Esq, O'Brien & Frankel, Defendants.

No. CIV. A. 97–1468.

United States District Court,
D. New Jersey.

March 23, 1999.

---

Susan B. Pliner, Gary Green, Steven H. Griffiths, Sidkoff, Pincus & Green, P.C., Merchantville, NJ, for John H. Mruz, Vasilike D. Nika, and Jane A. Johnson.

Patrick G. Brady, Jed M. Milstein, Carpenter, Bennett & Morrissey, Newark, NJ, for Caring, Inc., Caring Residential Ser-

vices, Inc., Caring House Projects, Inc., Caring Medical Day Services, Inc., Caring Fellowship Centers, Inc., Caring International, Inc., Comprehensive ElderCaring, Inc., Coastal Support Services, Inc., Ann J. Underland, Carlisle W. Underland, Garfield L. Greene, Lewis W. Field, and Mary E. Haynie.

Paul A. Rowe, Alan S. Naar, Gary K. Wolinetz, Andrew M. Baer, Greenbaum, Rowe, Smith, Ravin, Davis & Himmel, L.L.P., Woodbridge, NJ, Ian Meklinsky, Fox, Rothschild, O'Brien & Frankel.

## OPINION

ORLOFSKY, District Judge.

This case presents the novel question of whether a litigant may pursue a state law remedy for the filing of a frivolous claim when the claim arises under federal law and this Court's subject matter jurisdiction is based upon a federal question.[1] For the reasons set forth below, I hold that, because the jurisdictional basis for the alleged frivolous claim is this Court's federal question jurisdiction, litigants who seek relief for such "litigation abuse" must pursue the arsenal of federal remedies available to address such misconduct. Accordingly, I shall grant Plaintiffs' motion to dismiss the counterclaim. Alternatively, I shall grant the motion to dismiss the counterclaim because a party seeking relief under New Jersey's Frivolous Claims Act may only do so by the filing of a motion, and not by the assertion of a counterclaim.[2]

On March 21, 1997, Plaintiffs, John H. Mruz, Vasilike D. Nika, and Jane A. Johnson ("Plaintiffs"), filed this action, which arises out of Plaintiffs' discovery and investigation of alleged Medicaid and tax fraud by their employers, and Plaintiffs'

---

**1.** Section 1331 provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331.

**2.** I intimate no view regarding whether a party may seek relief pursuant to the New Jersey Frivolous Claims Act when the claim arises under New Jersey law and the basis for this Court's subject matter jurisdiction is diversity of citizenship. *See* 28 U.S.C. § 1332; *see* notes 6, 8 *infra*.

subsequent termination. On January 28, 1998, in an Opinion and Order resolving the defendants' motions to dismiss, this Court dismissed Plaintiffs' claims for violation of the Federal False Claims Act, 31 U.S.C. § 3730(h) (Count I), and various state common law claims (Count V). *Mruz, et al. v. Caring, Inc., et al.*, 991 F.Supp. 701, 720 (D.N.J.1998). After Plaintiffs filed an amended complaint on February 17, 1998, Defendants, Ian Meklinsky, Esq., and Fox, Rothschild, O'Brien & Frankel (the "Attorney Defendants"), answered the Amended Complaint and filed a counterclaim pursuant to the New Jersey Frivolous Claims Act, N.J. Stat. Ann. § 2A:15–59.1, for attorneys' fees and costs incurred in defense of Count I of the Complaint. Plaintiffs have now moved to dismiss the counterclaim for failure to state a claim upon which relief can be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367.[3]

## I. PROCEDURAL BACKGROUND

The facts and procedural history giving rise to this litigation are set forth in detail in this Court's January 28, 1998, opinion, *Mruz, et al. v. Caring, Inc., et al.*, 991 F.Supp. 701 (D.N.J.1998) ("*Mruz I*"), and, therefore, shall not be repeated here. What follows below is the procedural history relevant to Plaintiffs' motion to dismiss the Attorney Defendants' counterclaim for failure to state a cause of action upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]

On August 8, 1997, Defendants, CARING, Inc., CARING Residential Services, Inc., CARINGhouse Projects, Inc., CARING Medical Day Services, Inc., CARING Fellowship Centers, Inc., Caring International, Inc., Comprehensive ElderCARING, Inc., Coastal Support Services, Inc., Ann J. Underland, Carlisle W. Underland, Garfield L. Greene, Lewis W. Field, Mary E. Haynie (collectively, "Corporate Defendants"), and Defendants, Fox Rothschild, O'Brien & Frankel ("Fox"), and Ian Meklinsky, Esq. ("Meklinsky"), filed motions to dismiss Counts I, II, IV, and V of the Complaint. *See* Corporate Defendants' Notice of Motion (filed Aug. 8, 1997); *see also* Attorney Defendants' Notice of Motion (filed Aug. 8, 1997). On January 28, 1998, this Court granted in part and denied in part defendants' motions. *See Mruz I*, 991 F.Supp. at 704, 721. Specifically, I dismissed Plaintiffs' claim for violation of the Federal False Claims Act, 31 U.S.C. § 3730(h), Count I of the Complaint; denied defendants' motions to dismiss Plaintiffs' claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the New Jersey Racketeer Influenced and Corrupt Organizations Act, N.J. Stat. Ann. § 2C:41–1 *et seq.*, Counts II and IV; and granted defendants' motions to dismiss Count V of the Complaint, Plaintiffs' state law cause of action, "without prejudice to Plaintiffs' right to file an amended Count V of the Complaint within

3. Section 1367 provides, in relevant part:
   [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
   28 U.S.C. § 1367(a).

4. Rule 12(b)(6) provides, in relevant part:
   Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party

claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion....
Fed.R.Civ.P. 12(b).

twenty days...."[5]  *See* Order of the Court (filed Jan. 28, 1998); *see also Mruz I*, 991 F.Supp. at 707–21.

In *Mruz I*, after concluding that the touchstone of liability under section 3730(h) of the False Claims Act is an "employment relationship," *see Mruz I*, 991 F.Supp. at 709, I went on to "determine whether Plaintiffs ha[d] pled facts [in Count I of the Complaint] from which an inference of an employment relationship between Plaintiffs and the Attorney Defendants ... [could] be drawn." *See id.* at 710 (footnote omitted). In making this determination, I wrote:

> A review of the Complaint confirms that no such inference can reasonably be drawn. First and perhaps most important, Plaintiffs allege that they were employed by various corporate entities, not by the Attorney Defendants.... [T]here is nothing in the Complaint suggesting an employment relationship between the Attorney Defendants and Plaintiffs ... Therefore, Count I of the Complaint will be dismissed with prejudice ... as to [the Attorney Defendants]....

*See id.; see also* Order of the Court (filed Jan. 28, 1998).

On February 17, 1998, Plaintiffs filed an Amended Complaint. *See* Amended Complaint (filed Feb. 17, 1998). On March 25, 1998, the Attorney Defendants answered the Amended Complaint, and filed the counterclaim, which forms the subject matter of this Opinion. *See* Answer and Counterclaim (filed Mar. 25, 1998). The counterclaim asserts a cause of action, under the New Jersey Frivolous Claims Act ("NJFCA"), N.J. Stat. Ann. § 2A:15–59.1 (West 1998),[6] for the recovery of attorneys' fees and costs incurred by the Attorney Defendants in defense of Count I of the Complaint, Plaintiffs' False Claims Act claim. *See* Answer and Counterclaim ("Counterclaim") (filed Mar. 25, 1998). In the counterclaim, the Attorney Defendants allege:

> Plaintiffs asserted that Fox and Meklinsky ... were liable to Plaintiffs under ... § 3730(h) [of the False Claims Act] despite the fact that (a) there has never been any employment relationship between one or more of the Plaintiffs, on the one hand, and either Fox or Meklinsky, on the other hand; and (b) the complaint does not even allege that there is or was any [such] employment relationship.... The [False Claims Act claim] was filed against Fox and Meklinsky in bad faith and solely for the purpose of harassment, delay or malicious injury.... Plaintiffs knew, or should have known, that the [False Claims Act

---

5.  In accordance with the Court's Order, on February 17, 1998, Plaintiffs amended Count V of the Complaint to assert a state law cause of action for intentional interference with a business relationship and contract. *See* Amended Complaint, Count V (filed Feb. 17, 1998). Count V is not the subject of this Opinion.

6.  The NJFCA provides, in relevant part:

    A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.

    .    .    .    .    .

    In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:

    (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or

    (2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

    A party ... seeking an award under this section shall make application to the court which heard the matter. The application shall be supported by an affidavit....

    *See* N.J. Stat. Ann. § 2A:15–59.1.

claim] against Fox and Meklinsky was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. By Opinion dated January 28, 1998, and Order dated January 28, 1998, [this Court] dismissed the [False Claims Act claim] as against ... Fox and Meklinsky. As a direct result of being named defendants on the [False Claims Act claim], Fox and Meklinsky have been damaged and have had to expend litigation costs and attorneys' fees to defend against the [False Claims Act claim]. [The Attorney Defendants] demand judgment against [Plaintiffs] pursuant to N.J.S.A. 2A:15–59.1 for an award of all reasonable litigation costs and attorneys' fees for being compelled to defend against the [False Claims Act claim].

*See* Counterclaim, ¶¶ 1–5.

In lieu of answering the counterclaim, on June 26, 1998, Plaintiffs filed a motion to dismiss the counterclaim for failure to state a cause of action upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Plaintiffs' Notice of Motion (filed Jun. 26, 1998). In support of their motion, Plaintiffs first contend that the counterclaim is procedurally defective because: (a) the claim for attorneys' fees is not ripe, (b) the right to attorneys' fees under the NJFCA must be asserted in the form of a motion, not as a counterclaim, and (c) the Attorney Defendants did not submit an affidavit in support of the counterclaim as required by § 2A:15–59.1(c). *See* Plaintiffs' Brief in Support of Motion to Dismiss ("Pl.Brief") at 3–7. Plaintiffs also contend that the Attorney Defendants do not fall within the definition of "prevailing party," as used in the NJFCA, because the Complaint as a whole was not frivolous. *See* Pl. Brief at 8–9. Finally, Plaintiffs contend that, on the merits, Count I of the Complaint was not alleged in "bad faith solely for the purpose of harassment, delay or malicious injury; [nor] ... without any

reasonable basis in low or equity...." *See* N.J. Stat. Ann. § 2A:15–59.1; *see also* Pl. Brief at 9–17.

In opposing the motion, the Attorney Defendants contend:

[P]laintiffs argue that any claim under the [NJFCA], even in federal court, must be brought by motion. In doing so, plaintiffs purposefully confuse the distinction between a state court procedural rule and a substantive cause of action ... Plaintiffs' attempt to elevate form over substance must fail. Fox and Meklinsky are not required to adhere to New Jersey procedural rules in pleading a cause of action in federal court ... [B]y arguing that Fox and Meklinsky must assert their claim under the [NJFCA] by motion instead by way of counterclaim, plaintiffs are essentially claiming that a New Jersey procedural rule trumps the Federal Rules of Civil Procedure. Such an argument fails as a matter of law [under *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)].

*See* Attorney Defendants' Brief in Opposition to Motion to Dismiss ("Def.Brief") at 4–7 (filed Jun. 26, 1998). In addition, the Attorney Defendants contend that they are "prevailing parties" within the meaning of the NJFCA. *See* Def. Brief at 7–9. Finally, combing my January 28, 1998, Opinion, for adjectives, such as "misguided" and "unprecedented," the Attorney Defendants contend that, because I dismissed Plaintiffs' False Claims Act claim, the claim was asserted in bad faith and without a reasonable basis in law or equity. *See* Def. Brief at 7–15 (citing *Mruz I*, 991 F.Supp. at 716, 719, 722 n. 10).

Curiously, after vigorously contending that they may assert their right to attorneys' fees and costs under the NJFCA by counterclaim, the Attorney Defendants state:

Fox and Meklinsky always intended to and will file a motion pursuant to the [NJFCA]. However, consistent with New Jersey Supreme Court precedent,

Fox and Meklinsky will do so at the end of the litigation after the Court has considered the totality of the case. Thus, plaintiffs' assertion that the counterclaim must be dismissed because Fox and Meklinsky did not present their claims under the [NJFCA] by motion must be rejected.

*See* Def. Brief at 7, 9 (citing *McKeown–Brand v. Trump Castle Hotel & Casino*, 132 N.J. 546, 562, 626 A.2d 425 (1993)).

## II. LEGAL STANDARD GOVERNING A RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In considering a motion to dismiss under Rule 12(b)(6), the Court may dismiss the Complaint if it appears certain that the Plaintiffs cannot prove any set of facts in support of their claims which would entitle them to relief. *See, e.g., Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). While all well-pled allegations of fact are accepted as true and all reasonable inferences are drawn in the Plaintiffs' favor, *see, e.g., Gomez v. Toledo*, 446 U.S. 635, 636, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990), the Court may dismiss the Complaint where, under any set of facts which could be shown to be consistent with a complaint, the Plaintiffs are not entitled to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (noting that this procedure "streamlines litigation by dispensing with needless discovery and factfinding").

Although I must assume the truth of the facts alleged in the Complaint, it is none-theless improper to assume that a party "can prove facts that [they have] not alleged or that the [non-moving party has] violated ... laws in ways that have not been alleged." *Associated Gen'l Contractors of Calif. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Nor are legal conclusions made under the guise of factual allegations to be given the presumption of truthfulness. *See Casper v. Paine Webber Group, Inc.*, 787 F.Supp. 1480, 1490 (D.N.J.1992) (citing cases). Applying this well established standard, I now turn to the merits of Plaintiffs' motion to dismiss the Attorney Defendants' counterclaim.

## III. DISCUSSION

The Attorney Defendants have pleaded a counterclaim for attorneys' fees and costs under the NJFCA, alleging that Plaintiffs' previously dismissed False Claims Act claim was frivolous because it was asserted in bad faith for the purpose of harassment, delay and malicious injury, and because the False Claims Act claim lacked a reasonable basis in law or equity. *See* Counterclaim; *see also Mruz I*, 991 F.Supp. at 720. Plaintiffs contend that the counterclaim fails to state a claim because the Attorney Defendants have failed to comply with the procedural requirements of the NJFCA, and because their False Claims Act claim, although dismissed by this Court, was not asserted in bad faith, and had a reasonable basis in law. *See* Pl. Brief at 3–17.

■ In pleading their state law counterclaim for attorneys' fees and costs under N.J. Stat. Ann. 2A:15–59.1, the Attorney Defendants have unwittingly thrust this litigation into the sometimes nebulous divide separating the spheres of authority of state and federal courts. This motion to dismiss requires that the Court decide whether the Attorney Defendants may assert a state statutory procedural remedy [7]

---

7. This case does not involve awards of attor-

neys' fees "as part of the substance of a [state]

to recover attorneys' fees and costs which were incurred in defense of an allegedly frivolous federal cause of action in federal court, when equivalent federal remedies are available. The counterclaim at issue implicates fundamental principles of Federalism and Comity, which instruct federal and state courts to avoid infringing upon each other's prerogatives, and to maintain the federal-state balance Justice Black once described as "Our Federalism." *See generally Younger v. Harris,* 401 U.S. 37, 44–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also Thomason v. Lehrer,* 183 F.R.D. 161, 171 (D.N.J.1998) (Orlofsky, J.). In resolving this motion, I hold that, where the jurisdictional basis for the alleged frivolous claim is this Court's federal question jurisdiction, the aggrieved parties must avail themselves of the arsenal of federal remedies available to punish litigation abuse. These federal remedies include Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the inherent powers of a federal court to redress a party's bad faith conduct. Consequently, I shall grant Plaintiffs' motion to dismiss the Attorney Defendants' NJFCA counterclaim.

statutory cause of action." *See McKeown–Brand v. Trump Castle Hotel & Casino,* 132 N.J. 546, 556, 626 A.2d 425 (1993). Such statutory rights to attorneys' fees are legislatively created exceptions to the American Rule which generally "prohibits fee shifting in most cases." *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citation omitted); *see also Dziubek v. Schumann,* 275 N.J.Super. 428, 436, 646 A.2d 492 (App.Div.1994). "A very different situation [would be] presented ..." if the Attorney Defendants had asserted a substantive state statutory cause of action which authorized the award of attorneys' fees, and the Court's jurisdiction was based on diversity. *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 260 n. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). "In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, ... state law ... giving a right [to attorneys' fees], which reflects a substantial policy of the state, should be followed." *Chambers,* 501 U.S. at 52, 111 S.Ct. 2123 (quoting *Alyeska,* 421 U.S. at 260 n. 31, 95 S.Ct. 1612) (additional citations omitted).

## A. *The Purpose and Scope of the NJFCA*

The NJFCA is codified in Title 2A of the New Jersey Code, Administration of Civil and Criminal Justice. *See* N.J. Stat. Ann. § 2A:15–59.1. The NJFCA provides, in relevant part:

A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the non-prevailing person was frivolous.

*See id.* The purpose of the statute is to deter baseless, or "frivolous" litigation through the "imposition of [an] attorney-fee sanction either because of improper motives or lack of well-foundedness." *See Iannone v. McHale,* 245 N.J.Super. 17, 25,29–30, 583 A.2d 770 (App.Div.1990) (analogizing the purpose of the NJFCA to the purpose of Rule 11 of the Federal Rules of Civil Procedure, namely, "deterring groundless suits"); [8] *see also* N.J.

"[A]ward[s] of counsel fees due to the improper manner in which a party conducts litigation[,]" *McKeown–Brand,* 132 N.J. at 556, 626 A.2d 425, however, such as the NJFCA or Rule 11 of the Federal Rules of Civil Procedure, "do not constitute the kind of fee shifting at issue in *Alyeska* [,]" in other words, counsel fee awards as part of the substantive cause of action. *Chambers,* 501 U.S. at 52, 111 S.Ct. 2123; *see* notes 2, 6.

8. This analogy, however, is incomplete. The NJFCA permits a party to recover attorneys' fees and costs from another party, not from an adversary's attorney. *See McKeown–Brand,* 626A.2d at 432 (holding that the NJFCA does not apply to attorneys because such a construction would run afoul of the New Jersey Supreme Court's exclusive authority to regulate the practice of law in the State of New Jersey). Rule 11, by contrast, permits an aggrieved party to seek reasonable attorneys' fees and costs from an attorney, law firm or party. *See* Fed. R. Civ. P 11(c). Coupling the NJFCA with Rule 1:4–8 of the New Jersey Court Rules, which includes an

Stat. Ann. § 2A:15–59.1. Under the NJFCA, a claim or defense is "frivolous" if:

> [A] judge ... find[s] on the basis of the pleadings, discovery, or the evidence presented that either: (1)[t]he complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or (2)[t]he nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

*See* N.J. Stat. Ann. § 2A:15–59.1(b); *see also Lake Lenore Estates, Assocs. v. Township of Parsippany–Troy*, 312 N.J.Super. 409, 424, 712 A.2d 200 (App. Div.1998).

In *McKeown–Brand v. Trump Castle Hotel & Casino*, 132 N.J. 546, 626 A.2d 425 (1993), the New Jersey Supreme Court stated:

> [Generally], the award of counsel fees has been considered a procedural matter for the courts.... [T]he [New Jersey] Legislature has passed numerous statutes allowing the award of counsel fees.... The award of counsel fees [authorized by most state statutes] ... differs from that in N.J.S.A. 2A:15–59.1 because [most] statutes authorize fees as part of the substance of a statutory cause of action. In contrast, N.J.S.A. 2A:15–59.1 permits the award of counsel fees due to the improper manner in which a party conducts litigation.

*McKeown–Brand*, 626 A.2d at 429–30. Thus, the NJFCA provides an aggrieved party with a right to seek an award of attorneys' fees from an adversary-party when the adversary-party asserts a cause of action or defense in bad faith, or without a reasonable basis in law or equity. *See*

*id.; see also* N.J. Stat. Ann. § 2A:15–59.1(b). Where the alleged frivolous claim is a federal cause of action, pursued in federal court, however, the state statutory right created by the NJFCA does not apply.

B. *Federal Law Provides the Exclusive Remedies for Bad Faith Conduct Arising Out of the Pleading of an Allegedly Frivolous Federal Cause of Action in Federal Court*

In *Thomason v. Lehrer*, 183 F.R.D. 161 (D.N.J.1998) (*"Thomason II"*), this Court crafted a rule, based upon the inherent powers of a federal court, that "[a]n attorney who alleges claims of 'litigation abuse' by another attorney-adversary, arising out of conduct which occurred in a pending proceeding in this Court, must seek redress in this Court." *Id.* at 171–72. In so holding, I stated that "[t]o hold otherwise would unreasonably permit litigious attorneys to divest this Court of its inherent power to discipline attorneys who practice before it and to fashion appropriate remedies for abuse of its process." *Id.* at 172 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

This Court's holding in *Thomason II* was rooted in the inherent powers of a federal court which are of necessity vested in "Courts of justice from the nature of their institution, powers which cannot be dispensed within in a Court, because they are necessary to the exercise of all others." *Chambers*, 501 U.S. at 43, 111 S.Ct. 2123 (quoting *United States v. Hudson* 7 Cranch 32, 34, 3 L.Ed. 259 (1812) (additional citations and internal alterations omitted)). In *Thomason II*, I wrote:

> *District Courts are vested with inherent powers, enabling them to fashion appropriate remedies to uphold the integrity of federal judicial proceedings ....* District Courts under their inherent

---

attorney fee sanction to be imposed against attorneys who engage in frivolous litigation, makes the *Iannone* court's Rule 11 analogy

complete. *Compare* N.J. Stat. Ann. § 2A:15–59.1; N.J. Ct. R. 1:4–8; *with* Fed.R.Civ.P. 11.

powers have developed a wide range of tools to promote efficiency in their courtrooms and to achieve justice in their results. A partial list of these tools includes: the power to control admission to its bar, discipline attorneys, punish for contempt, vacate its own judgment upon a finding of fraud, bar a criminal defendant from a courtroom for disruptive behavior, dismiss a suit on forum non conveniens grounds or failure to prosecute, *and assess attorney's fees.* This list is not exhaustive because the permissible scope of inherent powers is somewhat unclear.... "Courts of justice are universally acknowledged to be vested, by their very creation with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.... *A primary concern of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.*"

*See Thomason II,* 183 F.R.D. at 169–70 (quoting *Chambers,* 501 U.S. at 43–45, 111 S.Ct. 2123) (additional citations omitted, emphasis added).

While *Thomason II* dealt with "where" a party may seek redress for the abuse of a federal court's process, this case presents raises the question of "how" a party may seek such redress. Specifically, in *Thomason II,* I was called upon to decide whether a party may proceed in state court on a cause of action for alleged abuse of this Court's process, when to do so would strip this Court of its fundamental authority to uphold the integrity of its process. *See Thomason,* 183 F.R.D. at 171–72. I held that a party seeking redress for an abuse of this Court's process must proceed in

this Court, and not in state court. *See id.* Similarly, in this case, I must decide whether an aggrieved party may pursue a state remedy for abuse of this Court's process, when the Court's original subject matter jurisdiction is grounded upon a federal question, and the sanctionable conduct arises out of an allegedly frivolous federal cause of action asserted in this Court. I conclude that, where the alleged frivolous claim is a cause of action arising under federal law, *see* 28 U.S.C. § 1331, to seek redress for such "litigation abuse," a party must pursue the available federal remedies in this Court.

Permitting the Attorney Defendants to seek attorneys' fees and costs by way of a counterclaim pursuant to the NJFCA would deprive this Court of its inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process[,]" namely, Plaintiffs' allegedly frivolous claim for violation of the False Claims Act. *Chambers,* 501 U.S. at 45, 111 S.Ct. 2123; *see also Thomason,* 183 F.R.D. at 170. The Attorney Defendants' counterclaim places this Court in the untenable position of having to apply state statutory law in sanctioning Plaintiffs in a federal court action for allegedly having filed a frivolous federal cause of action. Such an outcome "unreasonably ... divest[s] this Court of its inherent power to discipline [individuals who appear] before it and to fashion appropriate remedies for abuse of its process." *Thomason,* 183 F.R.D. at 172; *see also Chambers,* 501 U.S. at 44–45, 111 S.Ct. 2123. This is the case because state, not federal law, would supply the rule of law controlling how this Court could sanction a party whose allegedly frivolous cause of action invoked only this Court's federal question jurisdiction. The New Jersey Legislature enacted the NJFCA to control "litigation abuse" in the Courts of New Jersey, not in New Jersey federal courts.[9]

---

9. If, however, the allegedly frivolous claim arose under state law, such that this Court's original jurisdiction was based on diversity,

28 U.S.C. § 1332, the *Erie* Doctrine would compel a different result because "application of [federal or] state law [would] likely ... be

█ It is axiomatic that a federal court, whose federal question jurisdiction has been invoked, applies federal law, not state law. *Cf. Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (stating that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state" (emphasis added)). Because the allegedly frivolous cause of action, Plaintiffs' False Claims Act claim, was based on federal law, the Attorney Defendants' right to seek attorneys' fees and costs can only arise from the allegedly frivolous federal claim. Thus, under the circumstances of this case, the Attorney Defendants' right to seek attorneys' fees and costs is based on federal, not state law. Consequently, to obtain the relief they seek, the Attorney Defendants must pursue their federal remedies.[10]

Other federal courts presented with similar questions have reached the same conclusion. For example, in *Reitz v. Dieter*, 840 F.Supp. 353 (E.D.Pa.1993), Judge Hutton was confronted with the question of whether Pennsylvania's analogue to the NJFCA, the Dragonetti Act, 42 Pa. Cons.

Stat. Ann. § 2503(9),[11] was "applicable in federal court where the court's original subject-matter jurisdiction is grounded upon a federal question." *Reitz*, 840 F.Supp. at 355. Judge Hutton reasoned that, because the Dragonetti Act was part of a statutory scheme establishing a "unified [state] judicial system," the act did not apply to federal courts in Pennsylvania, adjudicating federal causes of action.[12] *See id.* at 353–55. In addition, Judge Hutton wrote:

> [E]ven if the [Dragonetti Act, itself,] did not compel the conclusion that the statute is unavailable to civil litigants in federal court, the Court would still reach the same conclusion. [The Dragonetti Act] is a procedural rule applicable in Pennsylvania's courts. Similar concerns to those addressed by [the Dragonetti Act] are addressed by [Rule 11 of the Federal Rules of Civil Procedure]. Accordingly, [the Dragonetti Act] has no force or application in federal court where the Federal Rules of Civil Procedure control. Based upon the foregoing considerations, the Court concludes that the defendant has failed to state a claim under [the Dragonetti Act].

---

determinative of the outcome of the [attorneys' fees issue]." *RTC Mortgage Trust 1994 N–1 v. Fidelity National Title Ins. Co.*, 981 F.Supp. 334, 341 (D.N.J.1997). *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *see also* notes 2, 6 *supra*.

**10.** The Court's use of the terms "right" and "remedy" should not be construed as a finding that the Attorney Defendants have a right to be compensated for the litigation costs incurred in defending against Count I of the Complaint. The purpose of awarding of attorneys' fees, under the circumstances of this case, whether pursuant to federal law or under the NJFCA, would be to punish Plaintiffs' alleged improper "litigation abuse," rather than to compensate the Attorney Defendants. *See Chambers* 501 U.S. at 53, 111 S.Ct. 2123 ("The award of attorney's fees for bad faith serves the same purpose as a remedial fine imposed in civil contempt because it vindicates the District Court's authority over a recalcitrant litigant" (internal alterations and

citation omitted)); *McKeown–Brand*, 132 N.J. at 555–56, 626 A.2d 425; *Iannone*, 245 N.J.Super. at 25–26, 583 A.2d 770. Although, the practical effect of awarding attorneys' fees and costs is compensatory. *Chambers*, 501 U.S. at 53–54, 111 S.Ct. 2123 ("That the award has a compensatory effect does not in any event distinguish it from a fine ... "(internal alternations and citation omitted)).

**11.** The Dragonetti Act provides, in relevant part:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> .    .    .    .    .
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa. Cons.Stat. Ann. § 2503(9); *Compare* N.J. Stat. Ann. § 2A:15–59.1 *with* 42 Pa. Cons.Stat. Ann. § 2503(9).

**12.** *See* note 7 and accompanying text.

*Reitz,* 840 F.Supp. at 355 (citations omitted); *cf. McKeown–Brand,* 626 A.2d at 429 (interpreting the NJFCA, and stating that "the award of counsel fees has been considered a procedural matter for the courts ..."); *see also Raymark Industries, Inc. v. Baron,* Civ. Action No. 96–7625, 1997 WL 359333, at *1, *12 (E.D.Pa. Jun. 23, 1997) (Cahn, J.) (dismissing Dragonetti claim for attorneys' fees because the state statutory remedy was not available to litigant in federal court where federal cause of action at issue); *accord Jones v. Credit Bureau of Garden City, Inc.,* 703 F.Supp. 897, 898–99 (D.Kan.1988) (holding that Kansas statute, which is analogous to the NJFCA, is inapplicable in federal court where original jurisdiction is predicated on the existence of a federal question, parties must avail themselves of the remedy provided by Rule 11).

As the *Reitz* and *Jones* opinions point out, the appropriateness of denying litigants the right to assert a state cause of action for attorneys' fees incurred in defending against an allegedly frivolous federal cause of action is further demonstrated by the fact that the aggrieved party may obtain the same relief by pursuing their federal remedies under Rule 11 of the Federal Rules of Civil Procedure, and the Court's inherent powers.[13] *See* Fed. R.Civ.P. 11; *see generally Chambers,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27; *In re Tutu Wells Contamination Litigation,* 120 F.3d 368 (3d Cir.1997); *see also Reitz,* 840 F.Supp. at 355 n. 2 (noting that party prevented from asserting a state law claim for attorneys' fees, "is, of course, at liberty to raise the[ ] issue[ ] by way [of

Rule 11; § 1927; or the Court's inherent powers]").

Rule 11 specifically provides for the recovery of "all of the reasonable attorneys' fees and other expenses incurred as a direct result of" a party's improper attempts "to harass or cause unnecessary delay or needless increase in the cost of litigation[.]" *See* Fed.R.Civ.P. 11(b)(1)-(c)(2) (providing that "the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties ... "); *see also Willy v. Coastal Corp.,* 503 U.S. 131, 135 n. 1, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (noting propriety of awarding attorneys' fees pursuant to Rule 11).

◼ Moreover, federal courts, in exercising their inherent powers, may award an aggrieved party attorneys' fees where a party-opponent has acted in bad faith. *See Chambers* 501 U.S. at 50, 111 S.Ct. 2123 (stating that "a court must ... exercise caution in invoking its inherent power, ... determining that the requisite bad faith exists ..."); *see also Landon v. Hunt,* 938 F.2d 450, 454 (3d Cir.1991); *see e.g., DLC Management Corp. v. Town of Hyde Park,* 163 F.3d 124, 136 (2d Cir.1998) (stating that "this court has required a finding of bad faith for the imposition of sanctions under the inherent powers doctrine"); *Matta v. May,* 118 F.3d 410, 416 (5th Cir.1997) (stating that a "court may assess attorneys' fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, ... [or] has defiled the very temple of justice" (citations and internal quotations omitted)); *Primus Automotive Financial Serv., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir.1997) (stating that

---

13. The Attorney Defendants may also seek to obtain attorneys' fees pursuant to 28 U.S.C. § 1927. Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Admittedly, § 1927 permits the recovery of attorneys' fees from an adversary attorney, and not from a party-opponent, as the Attorney Defendants seek in this case. To the extent that the Attorney Defendants seek compensation for having to defend against Plaintiffs' False Claims Act claim, § 1927 provides the Attorney Defendants with a federal remedy for any "vexatious" and "unreasonable" conduct of Plaintiffs' counsel. *See id.*

"[w]hen a losing has acted in bad faith, vexatiously, wantonly, or for oppressive reasons sanctions under the court's inherent powers may take the form of attorneys' fees").

Therefore, I hold that, because the jurisdictional basis supporting Plaintiffs' alleged frivolous claim was this Court's federal question jurisdiction, the Attorney Defendants must avail themselves of the federal remedies available to recover the attorneys' fees and costs associated with defending against Plaintiffs' allegedly bad faith conduct.[14] Accordingly, because the Attorney Defendants may not assert a state law cause of action to recover attorneys' fees and costs associated with defending against a federal claim in federal court, I shall grant Plaintiffs' motion to dismiss the Attorney Defendants' NJFCA counterclaim for failure to state a claim upon which relief can be granted.

### C. The Attorney Defendants' Counterclaim Fails Under State Law

■ Even if this Court were to disregard the issues of Federalism and Comity raised by the Attorney Defendants' NJFCA counterclaim, dismissal of the NJFCA claim would still be warranted because the plain language of the NJFCA requires that a party pursue their statutory right to seek attorneys' fees by "application," not by counterclaim.

As I stated in *Mruz I*, "I begin my analysis where all questions of statutory interpretation begin, the plain language of the statute." *Mruz I*, 991 F.Supp. at 708 (citing *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S.Ct. 956, 962, 140 L.Ed.2d 62 (1998) (stating that a court's "job [is to] read[ ] the statute [as a] whole, ... giv[ing] effect to [its] plain command") (citing *Estate of Cowart v. Nicklos Drill-*

*ing co.*, 505 U.S. 469, 476, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992))). In addition, where a statute uses the mandatory term "shall," it normally creates an obligation "impervious to judicial discretion." *Lexecon, Inc.*, 118 S.Ct. at 962 (citing *Anderson v. Yungkau*, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947)).

The relevant text of the NJFCA provides:

> A party ... seeking an award under this section *shall make application* to the court which heard the matter. The *application* shall be supported by an affidavit. . . .

*See* N.J. Stat. Ann. § 2A:15–59.1 (emphasis added). Thus, the Court's inquiry is whether the meaning of the term "application" is broad enough to encompass a counterclaim.

Construing the statute as a whole, clearly the NJFCA does not permit a party to seek attorneys' fees by means of a counterclaim. This conclusion is supported by the restrictive construction the New Jersey courts have consistently given to the terms of the NJFCA. For example, the NJFCA repeatedly lists various procedural mechanisms, such as "complaint, counterclaim, cross-claim or defense. . . ." *See* N.J. Stat. Ann. § 2A:15–59.1(a–b). Interpreting this list, the New Jersey Supreme Court stated:

> The statute refers to only a "complaint, counterclaim, cross-claim or defense." By its terms, the statute does not apply to motions. In the face of such unambiguous language, we decline to interpret the statute to apply to motions. Nothing in the legislative history suggests that the statute should so apply. We conclude, therefore, that the statute does not apply to motions.

*Lewis v. Lewis*, 132 N.J. 541, 545–46, 626 A.2d 422 (1993) (citations); *Dziubek v. Schumann*, 275 N.J.Super. 428, 646 A.2d

---

**14.** In directing the Attorney Defendants to pursue their federal remedies under Rule 11 and the Court's inherent powers, I, of course, intimate no opinion as to the merits of such a motion, should the Attorney Defendants so move.

492 (App.Div.1994); *cf. McKeown–Brand*, 132 N.J. at 561, 626 A.2d 425 (applying a restrictive interpretation to the term "frivolous," as used in the NJFCA); *see also Evans v. Prudential Property and Casualty Ins. Co.*, 233 N.J.Super. 652, 654, 559 A.2d 888 (Law Div.1989) (dismissing counterclaim asserted under the NJFCA by applying New Jersey Court Rule 1:6–2(a) definition of "application," which meant a motion). Applying a similar interpretation to the term "application," surely, if the New Jersey Legislature intended for a party to be able to recover attorneys' fees under the NJFCA by counterclaim, the legislature would have said as much in the text of the statute.

Accordingly, because the Attorney Defendants may not assert their rights to seek attorneys' fees under the NJFCA by means of a counterclaim, Plaintiffs' motion to dismiss the counterclaim for failure to state a claim shall also be granted on this alternative ground.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to dismiss the Attorney Defendants' counterclaim for failure to state a claim upon which relief can be granted shall be granted. In the alternative, I shall dismiss the Attorney Defendants' counterclaim because the Attorney Defendants may not assert their rights to seek attorneys' fees under the NJFCA by means of a counterclaim. The Court will enter an appropriate order.

Finally, in *Mruz I*, I took the "opportunity to remind counsel of their obligations under Rule 11 of the Federal Rules of Civil Procedure, and of their duties to this Court." *Mruz I*, 991 F.Supp. at 721. Specifically at issue, were the "ad hominem attacks on Defendants ..." contained in Plaintiffs' brief. *See id.* Unfortunately, it appears that counsel for Fox and Meklinsky assumed that my words of caution were directed solely at Plaintiffs' counsel. They were not.

In their brief in opposition to Plaintiffs' motion to dismiss the NJFCA counterclaim, counsel for Fox and Meklinsky state:

> Fox and Meklinsky always intended to and will file a motion pursuant to the [NJFCA]. However, consistent with New Jersey Supreme Court precedent, Fox and Meklinsky will do so at the end of the litigation after the Court has considered the totality of the case. Thus, plaintiffs' assertion that the counterclaim must be dismissed because Fox and Meklinsky did not present their claims under the [NJFCA] by motion must be rejected.

*See* Def. Brief at 7; *see also* Def. Brief at 9 (stating "Fox and Meklinsky will wait until the conclusion of the litigation to file a motion under the [NJFCA]"). Apparently, counsel for Fox and Meklinsky intended to file a motion to seek relief under the NJFCA, in addition to seeking the identical relief in their NJFCA counterclaim. This position makes little, if any, sense, and raises the question of why the counterclaim was ever filed.

In *Thomason v. Lehrer*, 183 F.R.D. 161 (D.N.J.1998) ("*Thomason II*"), in chastising an overly litigious attorney, I wrote: "It is ironic that [Plaintiff], who contends that [Defendant] has engaged in inappropriate 'litigation abuse,' has no compunction about ... do[ing] so himself." *See id.* at 171. The practice of law, unlike Newton's Third Law of Motion, does not require a "reaction" for every "action." *See* Sir Isaac Newton, *Philosophiae Naturalis Principia Mathematica* (Alexander Koyre ed., Harvard Univ. Press 1972) (1687). Attorneys who reflexively react to "litigation abuse" by engaging in similar conduct disserve their clients and burden the dockets of busy courts. For the second time in this case, I admonish counsel that such conduct is unprofessional, unwarranted and unseemly. It will not be tolerated in the future.

## ORDER

This matter having come before the Court on the motion of Plaintiffs, John H. Mruz, Vasilike D. Nika, and Jane A. Johnson, to dismiss the counterclaim of Defendants, Ian Meklinsky, Esq., and Fox, Rothschild, O'Brien & Frankel, for failure to state a claim upon which relief can be granted, Susan B. Pliner, Esq., Gary Green, Esq., Steven H. Griffiths, Esq., Sidkoff, Pincus & Green, P.C., appearing on behalf of Plaintiffs, John H. Mruz, Vasilike D. Nika, and Jane A. Johnson, and Paul A. Rowe, Esq., Alan S. Naar, Esq., Gary K. Wolinetz, Esq., Andrew M. Baer, Esq., Greenbaum, Rowe, Smith, Ravin, Davis & Himmel, L.L.P., appearing on behalf of Defendants, Ian Meklinsky, Esq., and Fox, Rothschild, O'Brien & Frankel; and,

The Court having considered the submissions of the parties, for the reasons set forth in the OPINION filed concurrently with this ORDER;

IT IS, on this 23rd day of March, 1999, hereby ORDERED that the motion of Plaintiffs to dismiss the counterclaim of Defendants, Ian Meklinsky, Esq., and Fox, Rothschild, O'Brien & Frankel, for failure to state a claim upon which relief can be granted is GRANTED.