Abel **GARCIA**, Plaintiff,

v.

The **RICHARD STOCKTON COLLEGE OF NEW JERSEY, The Board of Trustees of the Richard Stockton College of New Jersey, The State of New Jersey, and President Vera King Farris, Defendants.**

**CIVIL ACTION NO. 01–4467.**

United States District Court, D. New Jersey.

July 11, 2002.

---

Richard L. Press, Press & Long, P.A., Northfield, NJ, for Plaintiff, Abel Garcia.

William F. Maderer, Lisa M. Papp, Paola Ciappina, Saiber, Schlesinger Satz & Goldstein, LLC, Newark, NJ, for Defendants, The Richard Stockton College of New Jersey, The Board of Trustees of the Richard Stockton College of New Jersey, the State of New Jersey, and President Vera King Farris.

OPINION

ORLOFSKY, District Judge.

## I. Introduction

This case requires me to determine a question this Court has often taken for granted: specifically, whether the State of New Jersey and its alter egos may be sued in federal court under the New Jersey Law Against Discrimination. Perhaps surprisingly, the answer is plainly that they may not. Although that result leaves this Court, and many of the parties appearing before it, in the awkward position of maintaining parallel, duplicative litigation in both state and federal court, absent the enactment of a legislative solution by the State of New Jersey, this Court is bound by the Eleventh Amendment and the Supreme Court's recent jurisprudence construing it. *See Raygor v. Regents of Univ. of Minn.,* 534 U.S. 533, ——, 122 S.Ct. 999, 1004–05, 152 L.Ed.2d 27 (2002).

Thus, for the reasons set forth in more detail below, I will grant the Motion of the Defendant, the State of New Jersey, to Dismiss for Lack of Subject Matter Jurisdiction. I will deny, however, the Rule 12(b)(6) Motion of the Defendant, the Board of Trustees of the Richard Stockton College of New Jersey.

## II. FACTS AND PROCEDURAL HISTORY

Abel Garcia ("Garcia"), the Plaintiff in this case, was until recently employed as an administrator and adjunct professor at the Richard Stockton College of New Jersey ("RSC" or "the College"). Garcia worked on year-to-year contracts, with renewal contingent on a positive annual review.

Garcia's original Complaint alleges that, while at RSC, he was the subject of unwanted romantic advances from the Defendant, Vera King Farris ("Farris"), the College's President. According to the Complaint, Garcia ultimately wrote Farris a "personal and confidential" memo in which he declared that he found her behavior "inappropriate" and that it had "created a hostile work environment" for him. At his next annual review several months later, Garcia was not recommended for reappointment, and his contract with RSC ended on June 30, 2001.

Garcia filed his Complaint on September 21, 2001, and filed an Amended Complaint on October 17, 2001. The Amended Complaint alleges that Garcia's non-renewal was intended to retaliate against him for his memorandum, in violation of his First Amendment rights, and that certain negative comments made by staff at RSC since the time Garcia departed, combined with the non-renewal, have had the effect of violating his substantive Due Process rights. *See Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Additionally, the Amended Complaint alleges that the Defendants did not comply with their own procedures for review, which Garcia claims deprived him of a procedural due process right to property. He seeks redress for these various wrongs pursuant to 42 U.S.C. §§ 1983 and 1985. Finally, the Amended Complaint alleges that Farris' ongoing harassment of Garcia, and her role in his effective termination, violated New Jersey's Law Against Discrimination, N.J. Stat. Ann. §§ 10:5–1 to—42 (West 1993 & supp. 2002) ("NJLAD").

The State of New Jersey filed this Motion to Dismiss on May 28, 2002, arguing that, because New Jersey is immune from suit, this Court has no jurisdiction to hear any of Garcia's claims against it, and, alternatively, that Garcia has failed to state a claim. The Defendant, the Board of Trustess of the Richard Stockton College of New Jersey ("the Board") joined New Jersey's Motion to Dismiss for Failure to State a Claim, although it reserved the question whether the Board is entitled to New Jersey's immunity.

## III. DISCUSSION

### A. The Burden of Proof in Rule 12(b)(1) Motions[1]

In an ordinary Rule 12(b)(1) motion, the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). Sovereign immunity, on the other hand, is an affirmative defense, and the burden of demonstrating immunity lies on the party asserting it. *See Carter v. City of Philadelphia,* 181 F.3d 339, 347 (3d Cir.1999) (citing *Christy v. Pennsylvania Turnpike Commission,* 54 F.3d 1140, 1144 (3d Cir.1995)). Sovereign immunity, however, also operates to limit the scope of this Court's supplemental jurisdiction. *See Raygor v. Regents of Univ. of Minn.,* 534 U.S. 533, ——, 122 S.Ct. 999, 1004, 152 L.Ed.2d 27 (2002); *Bowers v. NCAA,* 188 F.Supp.2d 473, 477 & n. 2, 480 (D.N.J.2002). To the extent, then, that sovereign immunity would bar supplemental state-law claims against a state defendant, it *is* jurisdictional, and the burden of proof remains with the plaintiff. Since New Jersey contends here that its sovereign immunity deprives this Court of jurisdiction to hear the Plaintiff's state-law claims, the burden is on the Plaintiff to show that there is no immunity.

### B. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief may be granted. "In considering a Rule 12(b)(6) motion, the Court may dismiss a complaint if it appears certain the plaintiff cannot prove any set of facts in support of its

---

1. Although New Jersey describes its Motion as falling entirely under Rule 12(b)(6), in fact its jurisdictional arguments are more properly brought pursuant to Fed.R.Civ.P. 12(b)(1). Accordingly, I will treat them as such.

claims which would entitle it to relief." *Mruz v. Caring, Inc.*, 39 F.Supp.2d 495, 500 (D.N.J.1999) (Orlofsky, J.) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988)). "While all well-pled allegations are accepted as true and reasonable inferences are drawn in the plaintiff's favor, the Court may dismiss a complaint where, under any set of facts which could be shown to be consistent with a complaint, the plaintiff is not entitled to relief." *Id.* (citing *Gomez v. Toledo*, 446 U.S. 635, 636, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990)); see also *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Finally, Rule 12(b)(6) authorizes a court to dismiss a claim on a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### C. Jurisdiction

New Jersey first contends that, as a sovereign state, it is not a "person" suable under §§ 1983 and 1985. Garcia contends, however, that, to the extent that New Jersey has consented to suit, it may also be a proper § 1983 defendant. While that approach may have its intuitive appeal, it is not the law. A state is not a "person" that may be sued under § 1983, regardless of whether the State has waived its immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *id.* at 85, 109 S.Ct. 2304 (Brennan, J., dissenting).

Garcia makes an identical waiver argument as to the State's liability under § 1985.[2] It is unclear to what extent the limitations of *Will* apply to suits brought under § 1985(3), which permits suits not only against "persons" but against any "conspirators." 42 U.S.C. § 1985(3). Other district courts have occasionally assumed that the scope of "person" in both statutes is identical. *See Santiago v. N.Y. State Dep't of Corr. Servs.*, 725 F.Supp. 780, 783 (S.D.N.Y.1989), *rev'd on other grounds*, 945 F.2d 25 (2d Cir.1991); *Rode v. Dellarciprete*, 617 F.Supp. 721, 723 (M.D.Pa.1985), *rev'd in part on other grounds*, 845 F.2d 1195 (3d Cir.1988); *DiBartolo v. City of Philadelphia*, Civ. A. No. 99–CV–1734, 2000 WL 217746, at *5 (E.D.Pa. Feb, 15, 2000).[3] I need not decide the question, however, because Garcia's premise is flawed. New Jersey has not waived its immunity to his suit. "[I]n order for a state statute ... to constitute a waiver of Eleventh Amendment immunity, it must specify the state's intention to subject itself to suit in *federal court* ...." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985); *accord Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 306, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) (holding that statute waiving PATH's immunity in New York and New Jersey courts did not waive immunity from suit in federal court); *Leadbeater v. Port Auth. Trans–Hudson Corp.*, 873 F.2d 45, 48 (3d Cir.1989) (same), *vacated & remanded for further consider-*

---

**2.** Since the Amended Complaint makes no allegations pertaining to law enforcement officers, obstruction of justice, or intimidation of witnesses, I assume that Garcia intended to plead that the Defendants violated § 1985(3).

**3.** The textual basis for the analogy between the two statutes seems to be that § 1985(3) makes unlawful a conspiracy between "two or more persons." *See Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir.1979). But § 1985(3) allows a person injured by such a conspiracy to sue any conspirator. Arguably, then, a non-person could be liable, as long as the conspiracy also involved two persons.

*ation in light of Feeney sub nom. Benitez v. Port Auth. Trans–Hudson Corp.,* 495 U.S. 926, 110 S.Ct. 2163, 109 L.Ed.2d 493 (1990). The New Jersey Tort Claims Act does not mention the State's liability in federal court, and this Court is not aware of any other provision of law that might do so. *See* N.J. Stat. Ann. §§ 59:1 to:14 (West 1992 & supp.2002). Nor has Congress expressly abrogated New Jersey's immunity from suit under § 1985(3). *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Therefore, New Jersey is immune from suit under that section.

█ New Jersey is also immune from suit under its own laws in federal court. This Court has no jurisdiction to hear supplemental state-law claims against sovereign entities absent consent by the entity to suit in federal court. *See Raygor v. Regents of Univ. of Minn.,* 534 U.S. 533, ——, 122 S.Ct. 999, 1004–05, 152 L.Ed.2d 27 (2002) ("[Section] 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 118–20, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). I presume that the clear-statement rule for waiver of the state's sovereign immunity, which the Court has described in fairly sweeping language, applies with equal force to supplemental state-law claims. *See College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 676, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) ("[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation."); *Atascadero,* 473 U.S. at 241, 105 S.Ct. 3142.

These principles produce the surprising, but unfortunately inevitable, conclusion that a plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court. Although the NJLAD clearly identifies the State as a potential defendant, *see* N.J. Stat. Ann. § 10:5–5(e), and authorizes private suits "in Superior Court," *id.* § 10:5–13, it makes no mention of federal court.[4] I must conclude, therefore, that New Jersey has not stated "by the most express language" that it is open to private suits under the NJLAD in federal court. *College Savings,* 527 U.S. at 678, 119 S.Ct. 2219; *accord Bd. of Trs. of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363–64, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

The result of this conclusion is that litigants in this Court must sacrifice all the policy benefits that supplemental jurisdiction brings, including benefits, such as judicial economy, that flow as much to this Court as to the litigants. The Supreme Court, however, has already rejected such policy arguments. *See Pennhurst,* 465 U.S. at 121–22, 104 S.Ct. 900. I must emphasize, however, that the State of New Jersey itself holds the power to remedy this situation. All it need do is enact a statute extending its waiver of sovereign immunity under the NJLAD, *see* N.J. Stat. Ann. § 10:5–5(e), to federal court.

To return to Mr. Garcia's Amended Complaint, then, I conclude that this Court

---

4. I acknowledge that certain dicta in one of my earlier opinions can be read to support the contrary position. *See Rudolph v. Adamar of N.J.,* 153 F.Supp.2d 528, 542 (D.N.J.2001) (Orlofsky, J.) ("Suits brought against the State as an employer are clearly within the scope of the explicit waiver of sovereign immunity contained in [N.J. Stat. Ann.] § 10:5–5(e)...."). Those comments are best read in the context of the surrounding analysis, wherein I ultimately concluded that New Jersey did *not* waive its Eleventh Amendment immunity from suit in federal court under the NJLAD. *See id.* at 541–44. *Rudolph* therefore did not hold that the State of New Jersey had waived its sovereign immunity in federal court when acting as an employer.

has no jurisdiction to hear any of his claims against the State of New Jersey. I reserve judgment on my jurisdiction to consider Garcia's other claims against entities that may share New Jersey's sovereign immunity pending discovery of the necessary underlying facts.

### D. The Board's 12(b)(6) Motion

■ The Board also argues that Garcia has failed to state a claim against it. According to the Board, the Amended Complaint alleges wrongdoing only by Farris personally, rather than by the Board. Civil rights complainants need meet only the liberal pleading requirements of Fed. R.Civ.P. 8(a). *See In re Bayside Litig.*, 190 F.Supp.2d 755, 764 (D.N.J.2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, ——, 122 S.Ct. 992, 999, 152 L.Ed.2d 1 (2002)).

■ The Amended Complaint sufficiently alleges facts providing the Board with "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz*, 122 S.Ct. at 999. For example, the Amended Complaint alleges that the Board was aware that Farris had harassed other employees in the past, but had failed to take any action to correct her conduct. Am. Compl. ¶ 14. Although not put in so many words, this could constitute a claim that the Board had "actual knowledge of," and acquiesced in, Farris' unlawful conduct, which would be sufficient to render the Board liable for her acts under § 1983. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Additionally, the Amended Complaint alleges that the Board "acted jointly [and] severally" with Farris. Am. Compl. ¶¶ 14, Count Three ¶ 2. While perhaps inartfully phrased, this can be construed as an allegation that the Board shares liability for Farris's behavior, for example under a theory of respondeat superior. The NJLAD makes employers liable for the conduct of their employees under some circumstances. *See Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 619–21, 626 A.2d 445 (1993).

I conclude, therefore, that there exists some set of facts consistent with the Amended Complaint under which the Board may be liable for Garcia's various federal and state claims. Accordingly, I will deny the Board's Motion.

### IV. Conclusion

For the reasons set forth above, I shall grant New Jersey's Motion to Dismiss for Lack of Subject Matter Jurisdiction. I will also deny the Board's 12(b)(6) Motion. The Court will enter an appropriate form of Order.

### ORDER

This matter having come before the Court on the Motion of Defendant, the State of New Jersey, to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), and on the Motion of Defendant, the Board of Trustees of the Richard Stockton College of New Jersey, to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, pursuant to Fed.R.Civ.P. 12(b)(6), William F. Maderer, Esq., Lisa M. Papp, Esq., Paola Ciappina, Esq., Saiber, Schlesinger Satz & Goldstein, LLC, appearing on behalf of the Defendants, and Richard L. Press, Esq., Press & Long, P.A., appearing on behalf of the Plaintiff, Abel Garcia; and,

The Court having considered the papers submitted by counsel for Defendants in support of the motion and the papers submitted by counsel for Plaintiff in opposition;

For the reasons stated in the Opinion filed concurrently with this Order, IT IS,

on this 11th day of July, 2002, hereby ORDERED that:

1. The Motion of Defendant, the State of New Jersey, to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), is GRANTED; and,

2. The Motion of Defendant, the Board of Trustees of the Richard Stockton College of New Jersey, to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, pursuant to Fed.R.Civ.P. 12(b)(6), is DENIED.