THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
CARMELO CANNIZZARO, PLAINTIFF IN ERROR.

Submitted May 15, 1945—Decided October 15, 1945.

For the plaintiff in error, *Nicholas Martini* and *Isadore Rabinowitz*.

For the defendant in error, *Manfield G. Amlicke,* Prosecutor of the Pleas.

The opinion of the court was delivered by

COLIE, J. Plaintiff in error was tried before the Passaic County Court of Special Sessions upon an indictment charging that on a specified date he "unlawfully did transport, for sale, eight gallons of a certain illicit alcoholic beverage * * * not then and there bearing any stamps or stamp, labels or label, or other indicia of payment of tax as is required by the laws of the United States and the State of New Jersey." He was found guilty and sentenced to payment of a fine. On writ of error, the Supreme Court affirmed the judgment and we are asked to reverse.

The case comes to us upon an agreed state of facts, in lieu of the testimony, which establishes that the plaintiff in error transported wine in containers which bore neither labels, stamps nor other indicia of payment of tax although the tax had in fact been paid.

Plaintiff in error contends, as he did in the court below, that the indictment upon which he was tried and convicted does not charge him with the commission of a crime. In examining the indictment to determine whether it does charge the commission of a crime, it is essential to bear in mind that penal statutes "are not to be regarded as including anything which is not within their letter as well as their spirit, which is not clearly and intelligently described in the very words of the statute, as well as manifestly intended by the legislature." *Endlich on Interpretation of Statutes,* § 329. It was said in *Lair* v. *Killmer,* 25 *N. J. L.* 522, decided almost a century ago, that "penal statutes are to be taken strictly and literally." Bearing in mind these well-established principles to guide us in the interpretation of penal statutes, we turn to the state's argument to support the indictment. It is said that the plaintiff in error violated the provisions of *R. S.* 33:1–50 which provides that "any person who shall * * * transport any alcoholic beverage in violation of this chapter * * * shall be guilty of a misdemeanor." It is apparent that the quoted provision does not specify any act or acts which constitute a misdemeanor, and to sustain the indictment the state argues that the illegal act may be read into the indictment by reason of the provisions of *R. S.* 33:1–88; (*Pamph. L.* 1939, *ch.* 177, *p.* 530, § 1) and *R. S.* 33:1–1 i, which read:

"Any alcoholic beverage in any keg, barrel, can, bottle, flask or similar container shall, in any proceeding under the chapter which this act supplements, be deemed *prima facie* an illicit beverage where the container (1) does not bear any label describing its contents, or (2) bears a label which does not truly describe its contents, or (3) does not bear such indicia of payment of tax as is required by the laws of the United States and the State of New Jersey."

"i. 'Illicit beverage.' Any alcoholic beverage manufactured, distributed, bought, sold, bottled, rectified, blended, treated, fortified, mixed, processed, warehoused, possessed or transported in violation of this chapter, or on which any federal tax or tax imposed by the laws of this state has not been paid; and any alcoholic beverage possessed, kept, stored,

owned or imported with intent to manufacture, sell, distribute, bottle, rectify, blend, treat, fortify, mix, process, warehouse or transport in violation of the provisions of this chapter."

*R. S.* 33:1–88 does not, by its terms, provide that the existence of the facts enumerated therein constitutes a crime. All that it does is to provide that existence of the proscribed acts shall be deemed *prima facie* evidence that a beverage is illicit. The section treats solely with a matter of adjective law, not of substantive law. The incorporation of *R. S.* 33:1–88 by general reference into *R. S.* 33:1–50 cannot be used to make criminal an act or acts which have not been denominated by the legislature as criminal.

The indictment failing to charge a crime, the judgment under review is reversed, with costs.

*For affirmance*—PARKER, BODINE, WELLS, JJ. 3.

*For reversal*—THE CHANCELLOR, CASE. HEHER, COLIE, OLIPHANT, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 9.