182 N.J. Super. 12 (1981)
440 A.2d 16
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
NEIL FOGLIA, JR. T/A BAYONNE CINEMA CO., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1981.
Decided November 10, 1981.
*13 Before Judges BOTTER, ANTELL and FURMAN.
Lawrence H. Posner, Assistant Prosecutor, argued the cause for appellant (James T. O'Halloran, Hudson County Prosecutor, attorney).
Barry I. Siegel argued the cause for respondent (Felzenberg & Siegel, attorneys).
The opinion of the court was delivered by ANTELL, J.A.D.
Defendant was charged on two complaints for disorderly conduct arising from the sale of obscene materials, in violation of N.J.S.A. 2C:34-2(b). It is stipulated that the proofs proposed to support the complaints would be that defendant on two separate days sold to a prosecutor's investigator tickets to view an allegedly pornographic film. From an order of the Law Division dismissing the complaints on the ground that they do not charge the offense contemplated by the statute the State appeals. The sole question presented is whether on the stipulated facts defendant was chargeable with the offense of selling obscene material.
In its entirety N.J.S.A. 2C:34-2, dealing with the sale of obscene material to a person 18 years of age or older, provides:
a. Definitions for purpose of this section:
(1) "Obscene material" means any description, narrative account, display, or depiction of sexual activity or anatomical area contained in, or consisting of, a picture or other representation, publication, sound recording, live performance, or film, which by means of posing, composition, format or animated sensual details:
(a) Depicts or describes in a patently offensive way, ultimate sexual acts, normal or perverted, actual or simulated, masturbation, excretory functions, or lewd exhibition of the genitals,
(b) Lacks serious literary, artistic, political, or scientific value, when taken as a whole, and
(c) Is a part of a work, which to the average person applying contemporary community standards, has a dominant theme taken as a whole, which appeals to the prurient interest.
b. A person who sells obscene material to a person 18 years of age or older is a disorderly person and any person charged pursuant to this section shall have the right to a trial by jury.

*14 Nothing contained herein shall be construed to prohibit a municipality from adopting as a part of its zoning ordinances an ordinance permitting the sale of obscene material, in which event such sale shall be deemed legal.
The State argues that the foregoing legislation should be broadly read to embrace not only the physical film itself, but the exhibition thereof as well. Reliance is placed upon that portion of N.J.S.A. 2C:34-2(a)(1) which includes in its definition of obscene materials a "live performance, or film." The State reasons that since the Legislature cannot sensibly be thought to have contemplated the physical sale of live performers it could only have had in mind the sale of tickets to the performances themselves. The argument continues that the proximity of "film" to "live performance" in the definitional portion of the statute demonstrates a similar intent as to "film."[1]
We agree with the prosecutor's contention insofar as it demonstrates that the statute is, in the respect noted, of unclear meaning. But the ambiguity, if such it is, was not created by the defendant; therefore, if interpretation must be resorted to, it is the rule of strict construction which governs, barring liability "when the words of the enactment are not clear in fixing it." State v. Mundet Cork Corp., 8 N.J. 359, 365 (1952), cert. den. 344 U.S. 819, 73 S.Ct. 14, 97 L.Ed. 637 (1952); State v. Fair Lawn Service Center, Inc., 20 N.J. 468, 472 (1956); 1 Schlosser, Criminal Laws of New Jersey (3 ed. 1970), § 5:5; 3 Sutherland, Statutes and Statutory Construction (4 ed. 1974), § 59.03. "[A]ll doubts must be resolved in defendant's favor." State v. Alveario, 154 N.J. Super. 135, 137 (App.Div. 1977).
It has long been settled that "`[b]efore a man can be punished, his case must be plainly and unmistakably within the statute.'" State v. Caez, 81 N.J. Super. 315, 319 (App.Div. 1963). Penal statutes "`are not to be regarded as including anything *15 which is not within their letter as well as their spirit, which is not clearly and intelligently described in the very words of the statute, as well as manifestly intended by the legislature.'" State v. Cannizzaro, 133 N.J.L. 383, 384 (E. & A. 1945).
Our agreement with the action of the trial judge is fortified by a reading of N.J.S.A. 2C:34-3, which deals with the distribution of obscene materials to persons under 18 years of age. Subsection C specifically provides:
Any person who knowingly admits a person under 18 years of age to a theater then exhibiting an obscene film is guilty of a crime of the fourth degree.
It has been recognized that the Legislature has no difficulty in expressing itself "`when it has the will.'" State v. Wright, 154 N.J. Super. 174, 180 (App.Div. 1977). Our reading of the legislation leaves no doubt as to the lawmakers' intention to differentiate between persons under and over the age of 18 years with respect to the exhibition of obscene films since no comparable proscription is contained in N.J.S.A. 2C:34-2. The omission of such language therein, we feel, was not inadvertent, and it is fundamental that what the Legislature omits the courts cannot supply. Craster v. Newark Bd. Comm'rs., 9 N.J. 225, 230 (1952); 73 Am.Jur.2d, Statutes, § 203. The power to insert words and clauses, where it exists, is exercised with "unusual caution"; it is a dangerous business to fill in the text of a statute from its purposes * * *.'" 2A Sutherland, op. cit., § 47.38. As the court said in Railroad Com'n of Indiana v. Grand Trunk Western R. Co., 179 Ind. 255, 100 N.E. 852, 855 (Sup.Ct. 1913),
It is far better to wait for necessary corrections by those authorized to make them, or, in fact, for them to remain unmade, however desirable they may be, than for judicial tribunals to transcend the just limits of their constitutional powers.
Within the context of these settled principles it is notable that on February 27, 1980 Governor Byrne filed Senate Bill No. 1306 without signature after passage by both houses of the legislature. If signed by the governor its terms would have amended N.J.S.A. 2C:34-2 b. to add the words "or exhibits" after "sells" so that the penalties of the statute would have *16 become applicable to any "person who knowingly sells or exhibits obscene material to a person 18 years of age or older." (Emphasis ours.) It would appear that the legislature was aware that the statute expressly proscribed the sale of the physical material only and that the amendatory language was necessary to express its intent to criminalize the type of conduct here involved, or at least to clarify that intent so as to make it understandable to an ordinary person. That the amendatory language has not since been enacted further evidences that the lawmakers knowingly chose to leave the law unchanged.
"An amendment to an act may be resorted to for discovery of legislative intent in the enactment amended." Matawan Borough v. Monmouth Cty. Tax Bd., 51 N.J. 291, 299 (1968). "[O]rdinarily a change in legislative language signifies a purposeful alteration in the substance of the law." State v. Magner, 151 N.J. Super. 451, 453 (App.Div. 1977). In fact, it has been said that such action is evidence that the previous statute meant the "exact contrary." This rests upon the theory "that the legislature is not presumed to do a useless act." 2A Sutherland Statutory Construction § 49.11, p. 265 (4 ed. 1973).
Affirmed.
NOTES
[1] It is conceivable that the reference to "live performance" is intended to apply to the action of a booking agent in arranging for such performances at theaters or other places of amusement. On this understanding the cited language would not be regarded as superfluous.