626 A.2d 422
JOANNE LEWIS, PLAINTIFF–RESPONDENT, v. CHARLES
LEWIS, DEFENDANT–APPELLANT.

Argued March 15, 1993—Decided July 1, 1993.

*Anthony B. Vignuolo* argued the cause for appellant (*Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl,* attorneys).

*Donald T. Joworisak* argued the cause for respondent (*Thomas W. Sharlow*, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

Like *McKeown–Brand v. Trump Castle Hotel & Casino*, 132 *N.J.* 546, 626 *A.*2d 425 (1993), this case requires that we determine the scope of *N.J.S.A.* 2A:15–59.1. Specifically, the issue is whether the statute applies to motions. The plain language of the statute leads us to conclude that it does not apply. Consequently, we reverse the judgment of the Appellate Division, which affirmed the order of the trial court imposing sanctions on defendant for filing a motion that the court deemed frivolous.

–I–

Defendant, Charles Lewis, and plaintiff, Joanne Lewis, were divorced in 1985. Plaintiff received alimony of $1,800 per month from the time of the divorce until the spring of 1990, when defendant stopped making payments. In May of that year, plaintiff filed a motion in the Chancery Division, Family Part, to enforce the alimony order. In response, defendant cross-moved to reduce the alimony award. He argued that the sale of his business the preceding year had resulted in changed circumstances justifying reconsideration of the amount of alimony.

The trial court entered an order on December 4, 1990, denying the cross-motion and requiring defendant to resume making payments and to pay back alimony. Noting that defendant continued to receive monthly payments for commissions on premiums, the court determined that although defendant's circumstances had changed, his ability to pay the alimony had not. The court also granted plaintiff's request for attorney's fees. Defendant appealed to the Appellate Division.

Pursuant to *Rule* 1:10–5, plaintiff filed a motion to enforce litigant's rights, which the Family Court granted on January 25, 1991. The order required defendant to pay arrearages of $14,400 and attorney's fees incurred on the motion. The trial court denied a stay of the December 4, 1990, order pending the outcome of defendant's appeal.

On defendant's appeal of the denial of the stay, the Appellate Division remanded to the trial court for entry of a stay conditioned on defendant's posting adequate security. On remand, the parties agreed that defendant would post a $40,000 bond.

Defendant failed to post the bond, so plaintiff moved on April 12, 1991, to vacate the stay. Plaintiff also moved to execute on the monthly payments from the sale of defendant's business, because defendant had relocated to another state and. had liquidated all other assets in New Jersey.

On April 26, 1991, defendant filed the cross-motion that is the subject of this appeal. He sought an order reducing the amount of the December 4, 1990, order from $14,400 to $4,400 and compelling discovery of plaintiff's income and assets. In his supporting affidavit, defendant asserted that the trial court had overestimated his yearly income and should reconsider the amount of alimony set in the December 4, 1990, order.

Plaintiff argued that because of defendant's appeal, the trial court no longer had jurisdiction to amend the terms of the December 4, 1990, order, stating: "Thus defendant knows, irrespective of whatever the merits may be in the application, that this application is totally frivolous, improper and should never have been filed." Plaintiff also challenged defendant's allegations that the trial court had overestimated defendant's income. Because of the cross-motion's alleged "frivolous" nature, plaintiff sought costs from defendant's attorney under *N.J.S.A.* 2A:15–59.1. Plaintiff argued that defendant's cross-motion was subject to sanctions either as a defense interposed for the purpose of delay or as an action without basis in law or equity based on false allegations of fact.

At oral argument before the trial court, defendant's attorney retreated from his request to review the December 4, 1990, order. Instead, he argued that the purpose of the cross-motion was to reduce the amount of the bond. He contended that the trial court had jurisdiction to consider that issue and that the cross-motion was proper. He also argued that any sanctions should not be levied against him but against defendant.

On May 6, 1991, the court issued an order requiring defendant to pay plaintiff's lawyers the costs associated with the motions to enforce her rights. The order expressly noted that $525 related to defending against defendant's cross-motion could be paid either by defendant or by defendant's attorneys because "it also constitutes a 'frivolous defense' as defined by *N.J.S.A.* 2A:15–59.1."

Once again, defendant appealed. The Appellate Division remanded to the trial court for explicit findings of fact concerning the frivolous nature of the cross-motion, writing: "Here, as noted earlier, there were insufficient findings for us to determine whether the trial judge found the statute transgressed so that the litigation could be found 'continued in bad faith,' and whether the pleadings were deemed amended to assert this claim." The court noted that the underlying appeal had been determined partially in defendant's favor. That determination, the court suggested, might affect the trial court's decision whether defendant was a non-prevailing party. The court stated:

> Since the then-pending appeal was determined in part in defendant's favor, affecting the issues before the trial court, the judge should consider whether defendant was truly a "non-prevailing party."

> \*      \*      \*      \*      \*      \*      \*      \*

> If upon reconsideration, the judge determines that there is a basis for the award of fees under the frivolous litigation statute, we remind the trial judge that there must be specific findings concerning the various elements of the statute.

It also concluded that the frivolous-claims statute applied to motions, the issue in the present case, and that the statute authorized the imposition of fees against attorneys, a result

that we find unconstitutional in *McKeown–Brand v. Trump Castle Hotel & Casino.*

The trial court then made findings of fact that supported the award of fees under *N.J.S.A.* 2A:15–59.1:

[At the hearing] [d]efendant's attorney indicated no opposition to the plaintiff's motion nor to the Court's suggestion to have plaintiff's counsel hold the monies in escrow pending the outcome of the appeal. He did, however, request what essentially was a reduction in the amount of the judgment already entered.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

This Court finds as a fact that defendant and defendant's counsel knew or should have known that the issues raised in the cross-motion dated April 26, 1992, were legally improper.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

The papers are completely devoid of any reference to a stay or the underlying security required for such a stay. In fact counsel's letter brief of April 26, 1991, says "The defendant now seeks to reduce the amount awarded by the Court for alimony due to the fact that the plaintiff's financial status was not considered." I find that the defendant by this statement and by his request for financial statements of the plaintiff clearly sought to reopen what was already litigated, decided and on appeal.

In an unreported opinion, the Appellate Division affirmed the imposition of attorney's fees substantially for the reasons stated by the trial court. We granted defendant's petition for certification, 130 *N.J.* 597, 617 *A.*2d 1220 (1992).

–II–

The statute refers to only a "complaint, counterclaim, cross-claim or defense." By its terms, the statute does not apply to motions. In the face of such unambiguous language, we decline to interpret the statute to apply to motions. *State v. Foglia,* 182 *N.J.Super.* 12, 15, 440 *A.*2d 16 (App.Div.1981), *certif. granted,* 89 *N.J.* 436, 446 *A.*2d 160, *appeal dismissed,* 91 *N.J.* 523, 453 *A.*2d 848 (1982); 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.38 (5th ed. 1992). Nothing in the legislative history suggests that the statute should so apply. We conclude, therefore, that the statute does not apply to motions. Consequently, we reverse the judgment awarding

fees because of defendant's allegedly-frivolous cross-motion and remand the matter to the Chancery Division, Family Part.

*For reversal and remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, O'HERN, GARIBALDI, POLLOCK and STEIN—7.