**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4298-15T1

LISA VAN HORN,

    Plaintiff-Appellant,

v.

HARMONY SAND & GRAVEL, INC.,

    Defendant-Respondent.

_____

Submitted October 10, 2017 – Decided November 8, 2017

Before Judges Messano and Accurso.

On appeal from Superior Court of New Jersey,
Law Division, Warren County, Docket No.
L-0288-12.

Spector Gadon & Rosen, PC, attorneys for
appellant (Randi A. Wolf, on the briefs).

Winegar, Wilhelm, Glynn & Roemersma, PC,
attorneys for respondent (Scott M. Wilhelm,
of counsel and on the brief; Jennifer L.
Toth, on the brief).

PER CURIAM

    Plaintiff Lisa Van Horn appeals from an award of sanctions

in favor of defendant Harmony Sand & Gravel, Inc. pursuant to R.

1:4-8. Because Harmony's motion for sanctions failed to comply with the rule's mandatory requirements, we reverse.

By way of brief background, Van Horn sued Harmony in 2012, seeking to terminate a putative lease agreement between her late father and Harmony and to eject Harmony from the property she had inherited from him. The trial court dismissed the action, finding a valid lease permitting Harmony exclusive possession of the property until its default, or the depletion of soil and aggregates made its continued quarrying commercially unreasonable.

We affirmed the judgment in a published opinion, but for reasons different than those expressed by the trial court. Van Horn v. Harmony Sand & Gravel, Inc., 442 N.J. Super. 342, 336 (App. Div. 2015). Analyzing the agreement, we noted it "did not explicitly state that Harmony had exclusive possession of the property, which is the cornerstone of any lease agreement. Rather, the agreement permitted [Van Horn's father] to interfere with Harmony's possession of the land so long as he did not interfere with [its] mining operation." Id. at 333 (citation omitted). Accordingly, we held the agreement was not a lease but a profit, which conveyed to Harmony the right to extract materials from the property but did not give it exclusive right of possession as would a lease. Id. at 345.

Some months after our opinion, Van Horn made a motion in the trial court in aid of litigant's rights claiming Harmony had erected fencing around the property and locked gates that prevented her access to a house on the property, which she wished to renovate and rent out. Contending she had no intention of interfering with Harmony's quarrying activities, Van Horn sought an order "enforcing the terms of the Appellate Division's opinion in this case," and directing Harmony to provide her keys to the gates and cease interfering with her possessory rights in the property.

Harmony filed a cross-motion to dismiss Van Horn's motion as moot and "assessing counsel fees in its favor." Harmony claimed the trial court lacked jurisdiction as the order dismissing Van Horn's complaint was affirmed and "no judgment was entered in Plaintiff's favor." Asserting Harmony should be reimbursed for its fees for having to respond to a motion the court had no jurisdiction to hear, Harmony's counsel sought "permission to submit an Affidavit of Services upon my compliance with the Rules of Court which require me to provide notice to Plaintiff's counsel."

The court heard brief argument on the motions and concluded the "Appellate Division decision . . . affirmed the affirmative dismissal of the original complaint and reserved no rights to

enforce under that agreement . . . . There's no order for me to enforce."  The court advised Harmony's counsel it would "entertain an application for fees."  The court thereafter entered an order dismissing Van Horn's motion with prejudice and providing that Harmony's cross-motion "for counsel fees is provisionally granted."  Counsel submitted its certification seeking $3020 in fees and costs, which the court granted in an order of April 5, 2016, making Van Horn and her counsel "jointly and severally liable" for payment.

Van Horn moved for reconsideration, seeking vacation of the order for fees.  The court denied the motion.  In an attached statement of reasons, the court explained that it found Van Horn's motion "to enforce rights that had not been granted by any order of judgment . . . . not only without merit, but frivolous."  As to Harmony's cross-motion for R. 1:4-8 sanctions, the court stated:

> Although defendant did not make a formal
> demand to withdraw the motion and provide
> for the option of an adjournment, defendant
> filed its cross-motion for counsel fees on
> February 1, 2016, thereby providing
> plaintiff with notice of the intent to seek
> counsel fees.  As the pre-motion notice was
> not formally provided, no certification
> could be provided in accordance with the
> rule.  Oral arguments were then held on
> March 2, 2016.  Hence, plaintiff had 30 days
> to withdraw its motion and avoid the
> potential sanction.  Though the formal

procedural requirements of R. 1:4-8(b)(1) were not strictly followed, the purpose of the rule was achieved. Pursuant to R. 1:1-2(a), "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice."

We think it apparent that the order for sanctions under R. 1:4-8 cannot stand. First, it assessed fees against Van Horn, a represented party, for the filing of a frivolous motion. See Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 64 (2007) (explaining the interplay between R. 1:4-8 and N.J.S.A. 2A:15-59.1 when an application for sanctions is directed against a represented party). Although R. 1:4-8(f) provides that the rule's procedures shall apply "to the extent practicable," to the assertion of costs and fees against a represented party pursuant to N.J.S.A. 2A:15-59.1, the Frivolous Litigation Statute, the Supreme Court has held that statute expressly does not apply to motions. See Lewis v. Lewis, 132 N.J. 541, 545 (1993). Accordingly, there was no basis for an award against Van Horn for the filing of the motion in aid of litigant's rights.

Second, imposition of sanctions against an attorney under the rule requires strict compliance with its procedures. See LoBiondo v. Schwartz, 199 N.J. 62, 99 (2009); Trocki Plastic

Surgery Ctr. v. Bartkowski, 344 N.J. Super. 399, 407 (App. Div. 2001), certif. denied, 171 N.J. 338 (2002). The only exception is in circumstances in which the notice required by the rule would deprive the party seeking sanctions of any effective remedy. See ASHI-GTO Assocs. v. Irvington Pediatrics, P.A., 414 N.J. Super. 351, 364 (App. Div.) (counsel's inflammatory opening statement at trial could support award under R. 1:4-8, although timing would preclude 28-day safe harbor notice required), certif. denied, 205 N.J. 96 (2010).

As the Supreme Court explained in Toll Brothers, a litigant seeking sanctions under the rule is required to file a separate motion describing the specific conduct the litigant alleges to be in violation, which must be proceeded by a written safe harbor notice. 190 N.J. at 69; R. 1:4-8(b)(1). The safe harbor notice "serves as a warning that the litigant will apply for sanctions 'if the offending paper is not withdrawn within 28 days of service of the written demand.'" Toll Bros., supra, 190 N.J. at 69 (quoting R. 1:4-8(b)(1)). The motion for sanctions must include a certification attesting to service of the safe harbor notice. Ibid.

None of those procedural requirements were met here. Van Horn and her counsel's first notice that harmony intended to seek sanctions under R. 1:4-8 for the motion in aid of

6

litigant's rights was Harmony's cross-motion to dismiss and for attorney's fees.  Harmony made no explanation for its failure to comply with the rule, and the record reveals none.  Harmony's failure to comply with any of the rule's detailed requirements should have been fatal to its application for sanctions against Van Horn's counsel.  See Trocki, supra, 344 N.J. Super. at 406-07.  That the motions were carried for a month does not cure the deficiencies.  Resort to R. 1:1-2(a) in these circumstances undermines the salutary purposes of the safe harbor notice.  Given the plain terms of the rule and its consistent interpretation over many years, Van Horn and her counsel could not fairly expect to either withdraw their motion or be sanctioned on the return date.  The court's imposition of sanctions under these circumstances was thus a misapplication of its discretion.  See Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 407 (App. Div.), certif. denied, 200 N.J. 502 (2009).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4298-15T1