**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3081-23

T.J.,[1]

      Plaintiff-Appellant/
      Cross-Respondent,

v.

S.K.,

      Defendant-Respondent/
      Cross-Appellant.

_____

      Argued March 17, 2026 – Decided June 10, 2026

      Before Judges Rose and DeAlmeida.

      On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. FM-09-1292-17.

      Nirmalan Nagulendran argued the cause for appellant/cross-respondent (Schumann Halon Margulies, LLC, attorneys; Nirmalan Nagulendran, on the briefs).

---

[1] We use initials to protect the privacy of the parties' minor child. See R. 1:38-2(d)(13).

S.K., respondent/cross-appellant, argued the cause on respondent/cross-appellant's behalf.

PER CURIAM

In this post-judgment divorce matter, plaintiff T.J. appeals from a May 14, 2024 Family Part order denying her motion to reconsider a July 15, 2022 order prohibiting the parties' son D.K. from traveling with plaintiff to India. The order was based on the motion judge's finding that, in July 2019, when plaintiff and D.K., then age six, were in India, plaintiff told D.K. they were not returning to the United States where defendant S.K. resided. Self-represented on appeal, defendant cross-appeals from a June 28, 2024 order denying his motion to reconsider a May 14, 2024 order, which denied his request for counsel fees and sanctions. Having considered the parties' contentions in light of the applicable law, we affirm all orders under review.

I.

We summarize the pertinent facts and events from the motion record. The parties were married in 2011; D.K. was the only child born of the marriage. We glean from the record, D.K. was born in India in 2012, resided there for six months, but was a United States citizen. Following trial, the marriage was dissolved by a December 13, 2018 judgment of divorce (JOD). Pursuant to the terms of the JOD, the parties shared equal residential and joint legal custody of

2

D.K. The JOD permitted domestic and international travel upon thirty days' notice to the non-traveling parent.

After their divorce, the parties engaged in frequent litigation. On December 14, 2020, defendant filed an emergent application seeking an order to show cause (OTSC) alleging plaintiff physically abused D.K. and made threats to "take him back to India permanently." Defendant was granted temporary physical custody of D.K. while the Division of Child Protection and Permanency investigated defendant's allegations. After the Division found "no concerns as to the child's safety under either party's care," on January 8, 2021, the judge denied defendant's request for full custody.

Two months later, on March 8, 2021, defendant filed another OTSC application. In his certification, defendant again alleged plaintiff physically abused D.K. and claimed the Division failed to take any action. Defendant requested suspension of plaintiff's parenting time or a prohibition on either party's ability to remove D.K. from New Jersey. During the OTSC hearing, the judge expressed concerns that defendant coached D.K.'s statements to the Division because the child's terminology, "his visit with his mother be supervised," "his mom [should] see a therapist to address her anger," and "take [her] medication," did not seem age appropriate. The judge denied defendant's

request to suspend plaintiff's parenting time, but granted his request to prohibit the parties from removing D.K. from New Jersey.

The following year, on May 18, 2022, plaintiff filed an emergent application for an OTSC seeking the court's permission for D.K. to travel with her to India during the ensuing summer. In her certification, plaintiff explained she made the request because her "father, who still resides in India, was recently diagnosed with lung cancer."

Defendant filed a cross-application for an OTSC seeking to restrain plaintiff's travel outside the country with D.K. In the alternative, defendant requested the judge require "[p]laintiff to obtain an [o]rder from an Indian Court recognizing that the United States" and this state "are the child's home state and the state and country of habitual residence," and "the child must be returned home on a date certain." In his certification, defendant asserted plaintiff was "a flight risk," who "made repeated threats to abduct [D.K.] to India," and during a 2019 vacation in India, plaintiff told D.K. "they were not going back to the United States."

On July 15, 2022, the motion judge conducted an in camera interview of D.K., then age nine. During the interview, D.K. stated he went to India with plaintiff for his grandfather's birthday around the time "when COVID started to

4

come up." D.K. said, during their stay in India, plaintiff stated "she was going to keep [him] there." D.K. told the judge he believed plaintiff meant he "couldn't go back to the U.S. and see [his] dad and [his] family." Finding D.K. credible, the judge determined plaintiff made the statement and denied her travel request. A memorializing order followed.

Plaintiff moved for reconsideration of the July 15, 2022 order barring D.K. from traveling with her to India and requested a hearing on the travel issue and counsel fees and costs. In her certification, plaintiff asserted as a nine-year-old child, D.K.'s memory "[wa]s unreliable as to what occurred three years ago," and accused defendant of coaching D.K. "to lie convincingly." Defendant cross-moved seeking attorney's fees and costs incurred to defend the motion. On October 3, 2022, the judge issued an order, granting plaintiff's reconsideration motion "with respect to the court's finding that [plaintiff] made a statement to the parties' son about not returning him to the U.S.A." Notably, the order reflects the judge reserved decision pending a plenary hearing.

A two-day hearing was held on nonconsecutive days in April 2024, during which plaintiff testified, and presented the testimony of D.K.'s therapist, Laura Bialek, LAC, and plaintiff's sister. Plaintiff also moved into evidence various

5

documents including Bialek's records and emails between plaintiff and Bialek. Defendant did not testify or call any witnesses.

Consistent with her certification, plaintiff denied she told D.K. she intended to keep him in India during their 2019 vacation. Plaintiff further testified D.K.'s statements to the judge during the in camera interview were inaccurate because, for example, her father was born in September not July. On cross-examination, plaintiff acknowledged in a 2022 email to Bialek, she noted D.K. "was scared of going anywhere with" her. Plaintiff stated her father was diagnosed with lung cancer in May 2022, but was able to travel to the United States in October 2022, while in remission.

Bialek testified she was D.K.'s therapist from June 2021 to June 2022. She did not recall D.K. expressly stating "his mother told him she would keep him in India," but remembered the child had a "fear of going to India with his mother."

Plaintiff's sister testified she did not travel to India with plaintiff and D.K., but was "in constant communication every day" with them during their 2019 stay. She described D.K. as "very happy" and "excited to be there" during their daily video calls.

6

After the close of plaintiff's case, defendant moved to dismiss plaintiff's application because the testimony did not "preclude the statement from having been made to [D.K.] in India." The following day, on April 24, 2024, the judge denied defendant's application, which the judge deemed a summary judgment motion under Rule 4:46-2. Viewing the testimony in a light most favorable to plaintiff, the judge found, at this stage of the hearing, the conflicting statements of D.K. and plaintiff created a genuine issue of material fact.

During the same hearing, defendant requested the court clarify plaintiff's burden of proof on her reconsideration motion. Noting the plenary hearing was granted pursuant to plaintiff's request to reconsider the judge's prior finding, the judge ruled the burden laid with plaintiff to demonstrate "the court based its decision upon a palpably incorrect basis" or failed "to consider the significance of probative competent evidence" under Rule 4:49-2. Based on the judge's clarification, defendant chose not to testify.

On May 14, 2024, the judge issued an oral decision, memorialized by a written order, denying plaintiff's motion and defendant's fee request. Although the judge noted Bialek appeared "standoffish" and "perturbed" while testifying, the judge nonetheless "f[ound] her testimony and the on-going treatment . . . sp[oke] volumes as to how [D.K.] was impacted by what occurred in 2019."

Acknowledging she previously found "certain statements [D.K.] made were bizarre and not typical statements of a child his age," the judge noted, during her in camera interview, "he spoke very matter-of-factly to the point," and "was not disjointed in his testimony." Relevant here, the judge found D.K. was triggered by plaintiff's suggestion he return to India.

The motion judge further found "various inconsistencies" among "plaintiff's statements," "certifications," and "trial testimony." The judge noted plaintiff did not call any witnesses who were present during the 2019 India trip, relying instead on "self-serving or self-interested" statements. The judge also found questionable that, in her motion submission, plaintiff did not state "her father was in remission and would be traveling to the States within the next week or two." The judge therefore concluded plaintiff failed to establish a prima facie showing "by a preponderance of the credible competent evidence, that the statements [D.K.] made to the court were untruthful." Accordingly, the judge denied plaintiff's reconsideration motion.

Turning to the parties' competing requests for counsel fees, the judge thoroughly addressed the applicable factors under Rule 5:3-5(c),[2] and denied

---

[2] Rule 5:3-5(c) provides, in pertinent part:

both fee applications. Pertinent to defendant's cross-appeal, the judge found under the third factor – "reasonableness and good faith of the positions," R. 5:3-5(c)(3) – even though she ruled against plaintiff, "plaintiff legitimately believe[d] her position," did not file her application "in bad faith or with a malicious motive," and was not a "guilty party."

Defendant thereafter moved for reconsideration and sanctions pursuant to Rule 1:4-8. Following arguments, the judge issued an oral decision and accompanying written order denying defendant's request. Citing N.J.S.A. 2A:15-59.1(b), the judge recognized litigation is frivolous "when it is commenced, used or continued in bad faith solely for the purpose of harassment,

---

> In determining the amount of the fee award, the court should consider, in addition to the information required to be submitted pursuant to R[ule] 4:42-9, the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
>
> [(Emphasis added).]

delay or malicious injury." The judge found plaintiff's request was not made solely for those purposes and was "part and parcel of any application for future travel."

Turning to defendant's sanctions request, the judge noted a court "will not grant . . . sanctions under Rule 1:4-8 where the pleading party has an objectively reasonable and good faith basis belief in the merits of the case." Unconvinced plaintiff's position was "objectively unreasonable with no basis in law or equity" and noting the "possibility that [she] could have ruled in [plaintiff's] favor," the judge declined to impose sanctions. The judge concluded defendant failed to demonstrate the May 14, 2024 order denying attorney's fees was based on "incorrect reasoning," a failure to consider evidence, or an "impalpably incorrect or irrational basis."

On appeal, plaintiff asserts she satisfied the standard for reconsideration when the judge granted her request for a plenary hearing and, as such, she was denied a fair hearing because the judge erroneously shifted the burden to her to disprove she made the statement to D.K. Challenging the motion judge's legal and factual findings, plaintiff further asserts the judge: failed "to properly consider [her] testimony"; failed "to correctly weigh her testimony against the statements of [D.K.] who had lied in the past"; and engaged in "pure conjecture"

when considering Bialek's testimony. Plaintiff also contends the July 15, 2022 order was flawed because the parties' attorneys were not provided the opportunity to submit questions for D.K.'s in camera interview pursuant to Rule 5:8-6.

On cross-appeal, defendant argues his application for sanctions could not have been raised until he filed his reconsideration motion, which he contends "[wa]s premised, in large part, on the incongruity between the [c]ourt's findings as to [p]laintiff's testimony and trial strategy and its conclusion as to her supposed good faith." Defendant further argues the judge incorrectly ruled on his fee application.

## II.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). In view of its special expertise in family matters, we owe substantial deference to the family court's findings of fact. Id. at 413. We ordinarily defer to those findings "when the evidence is largely testimonial and involves questions of credibility." Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). We do so "because the trial court has the 'opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" C.R. v. M.T., 248 N.J. 428, 440 (2021)

(quoting State v. Elders, 192 N.J. 224, 244 (2007)).  "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence."  Cesare, 154 N.J. at 411-12; see also Gnall v. Gnall, 222 N.J. 414, 428 (2015).  We, of course, owe no special deference to the trial court's legal conclusions, which we review de novo.  C.R., 248 N.J. at 440.

We similarly review a trial court's denial of a reconsideration motion for abuse of discretion.  Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010); see also D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).  Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence."  Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria, 242 N.J. Super. at 401).  We also defer to the court's decision on a motion for counsel fees, see Loro v. Colliano, 354 N.J. Super. 212, 227 (App. Div. 2002), and sanctions, see Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011).

In Family Part matters, Rule 5:3-5(c), Rule 4:42-9(a)(1), N.J.S.A. 2A:34-23, and interpretative case law "clearly outline necessary considerations when

imposing a counsel fee award." Ricci v. Ricci, 448 N.J. Super. 546, 580 (App. Div. 2017) (citing Mani v. Mani, 183 N.J. 70, 93-95 (2005)). In exercising its discretion, the trial court must abide by N.J.S.A. 2A:34-23, requiring consideration of "the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good or bad faith of either party." Mani, 183 N.J. at 93-94 (quoting N.J.S.A. 2A:34-23).

Relevant to defendant's cross-appeal in the present matter, Rule 5:3-5(c)(3), requires the trial court consider "the reasonableness and good faith of the positions advanced by the parties both during and prior to trial" when determining an award of counsel fees. Bad faith requires "a party to have malicious motives, to be unfair, to desire to destroy the opposing party, to use the court system improperly to force a concession not otherwise available." Kelly v. Kelly, 262 N.J. Super. 303, 308 (Ch. Div. 1992).

If the court performs its obligation under the statute and rules, and there is "satisfactory evidentiary support for the trial court's findings, 'its task is complete and [a reviewing court] should not disturb the result, even though it . . . might have reached a different conclusion were it the trial tribunal.'" Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013) (quoting Beck v. Beck, 86 N.J. 480, 496 (1981)). Conversely, a remand is appropriate if the trial court fails

13

to adequately explain an award or denial of counsel fees.  See Loro, 354 N.J. Super. at 227-28.

Frivolous litigation claims against parties are governed by N.J.S.A. 2A:15-59.1, and the procedural provisions of Rule 1:4-8 governing attorneys. See Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 69-73 (2007).  N.J.S.A. 2A:15-59.1(a)(1) provides:

> A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the non [-]prevailing person was frivolous.

A finding that the pleading is "frivolous" must be based upon a finding that:

> (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
>
> (2) The non[-]prevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1(b)(1) and (2).]

14

However, counsel fees for frivolous <u>motions</u> are not covered under N.J.S.A. 2A:15-59.1. <u>Lewis v. Lewis</u>, 132 N.J. 541, 545 (1993).

"'[T]he burden of proving that the non-prevailing party acted in bad faith' is on the party who seeks fees and costs pursuant to N.J.S.A. 2A:15-59.1." <u>Ferolito v. Park Hill Ass'n</u>, 408 N.J. Super. 401, 408 (alteration in original) (quoting <u>McKeown-Brand v. Trump Castle Hotel & Casino</u>, 132 N.J. 546, 559 (1993)). When a prevailing party's allegation is based on an assertion that the non-prevailing party's claim lacked "a reasonable basis in law or equity," and the non-prevailing party is represented by an attorney, "an award cannot be sustained if the '[non-prevailing party] did not act in bad faith in asserting' or pursuing the claim." <u>Ibid.</u> (quoting <u>McKeown-Brand</u>, 132 N.J. at 549).

Guided by these well-established principles, we have considered the contentions raised on these appeals and conclude they lack sufficient merit to warrant extended discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the motion judge in her well-reasoned decisions, adding only the following remarks.

We reject plaintiff's contentions that she satisfied the standards for reconsideration when the judge granted her request for a plenary hearing and, as such, at the hearing the judge erroneously shifted the burden to plaintiff to

disprove she told D.K. they would not return to the United States. Based on our review of the record, the motion judge consistently maintained the plenary hearing was governed by the standards applicable to reconsideration motions.

Moreover, the judge provided plaintiff a fulsome opportunity to present her proofs during the hearing. However, based on plaintiff's demeanor and failure to adduce competent evidence at the hearing, the judge was not persuaded. We discern no basis to disturb the judge's factual and credibility findings, which find support in the record. See Cesare, 154 N.J. at 411-12.

Further, plaintiff's reconsideration motion did not create "an opportunity to raise new legal issues that were not presented to the court in the underlying motion." See Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015). In her merits brief, seemingly for the first time on appeal, plaintiff argues the motion judge violated Rule 5:8-6.[3] As plaintiff acknowledges, however, the issue was

---

[3] Rule 5:8-6 provides, in pertinent part:

> Where the court finds that the custody of children is a genuine and substantial issue, the court shall set a hearing date no later than six months after the last responsive pleading. The court may, in order to protect the best interests of the children, conduct the custody hearing in a family action prior to a final hearing of the entire family action. As part of the custody hearing, the court may on its own motion or at the request of a

A-3081-23

raised in a footnote of her motion brief in support of her reconsideration application. See Almog v. Israel Travel Advisory Serv., Inc., 298 N.J. Super. 145, 155 (App. Div. 1997) (recognizing appellate courts do not consider arguments raised in a footnote).

Further, based on our review of the record, neither attorney objected to the judge's in camera interview nor proposed voir dire. Accordingly, the issue was not properly presented to the motion judge, despite the opportunity to do so. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (reiterating the principle that appellate courts ordinarily will not address an argument, raised for the first time on appeal, despite an adequate opportunity to investigate and raise the issue in a trial court). We note only plaintiff does not identify a single question she would have submitted to the judge prior to D.K.'s interview.

---

litigant conduct an in camera interview with the child(ren). In the absence of good cause, the decision to conduct an interview shall be made before trial. If the court elects not to conduct an interview, it shall place its reasons on the record. If the court elects to conduct an interview, it shall afford counsel the opportunity to submit questions for the court's use during the interview and shall place on the record its reasons for not asking any question thus submitted. . . .

Lastly, we discern no basis to disturb the judge's decision on defendant's counsel fees and sanction motion. The judge concluded plaintiff's goal was not to harass defendant, but to persuade the judge to reconsider her finding regarding plaintiff's 2019 statement in the interest of future travel applications. The judge's findings warrant our deference. See Barr, 418 N.J. Super. at 46; see also Loro, 354 N.J. Super. at 227.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division